IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al.,<br><br>    Plaintiffs,<br><br>and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION,<br><br>    Derivative Plaintiff,<br><br>v.<br><br>LISA DUGGAN, et al.,<br><br>    Defendants. | Case No: 1:16-cv-00740-RC |

## **DEFENDANTS DUGGAN AND MAREZ'S MOTION TO DISMISS**

Defendants Lisa Duggan and Curtis Marez, by undersigned counsel and pursuant to F.R.C.P. 12(b), move to dismiss the Complaint and quash service for insufficient service of process and state as follows:

1.    The above-referenced Complaint was filed on or about April 20, 2016.

2.    On or about May 20, 2016, Plaintiffs filed Affidavits of Service by a Calvin Jones, a private process server, alleging to have served Defendant Lisa Duggan and Defendant Curtis Marez by serving "Sue Bynum, Vice President of Whiteford, Taylor & Preston LLP, authorized to accept service" at the law offices of Whiteford, Taylor & Preston LLP, 1800 M Street, N.W., Suite 450N, Washington, D.C. 20036.  See **Exhibits 1 and 2.**

3. The alleged service on these two Defendants is improper because neither were served individually, nor was Sue Bynum authorized to accept service on their behalf.

4. Under F.R.C.P. 4(e), an individual can be served by delivering a copy of the summons and Complaint to the individual personally, or by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of the summons and Complaint to an agent authorized by appointment or by law to receive service of process. Rule 4(e) None of that occurred here.

5. Defendant Marez is a resident of the State of California, does not work or reside in the District of Columbia and he has not appointed Res Agent, Inc. or anyone at Whiteford, Taylor & Preston LLP to accept service on his behalf. And, has not been personally served with the Complaint. See, Declaration of Curtis Marez ("Marez Declaration").

6. Defendant Duggan is a resident of the State of New York, does not work or reside in the District of Columbia and she has not appointed Res Agent, Inc. or Whiteford, Taylor & Preston LLP to accept service on her behalf. And, she has not been served personally with the Complaint. See, Declaration of Lisa Duggan ("Duggan Declaration").

7. The person allegedly served on behalf of these Defendants is Sue Bynum, who is a paralegal at the law firm of Whiteford, Taylor & Preston LLP. She also serves as Vice President of Res Agent, Inc., a Maryland corporation which acts as the

Registered Agent for various corporations in the District of Columbia and elsewhere.

8. Res Agent, Inc. is the registered agent authorized to accept service on behalf of the American Studies Association ("ASA") in the District of Columbia. Ms. Bynum was advised that a process server would be coming to the office to serve papers on ASA. However, when the process server arrived, the private process server also had summonses for Defendants Duggan and Marez. Ms. Bynum advised the process server that while she was obligated in her role with Res Agent, Inc. to accept service on behalf of ASA, she was not authorized to accept service on behalf of the individual Defendants. See, Declaration of Susan Bynum ("Bynum Declaration").

9. The Affidavits of Service are wrong in stating not only that Sue Bynum was a "Vice President" of Whiteford, Taylor & Preston LLP, which she is not, but also that she in her role as Vice President of Res Agent, Inc. or otherwise was authorized to accept service on behalf of any individual Defendant.

10. Accordingly, service is insufficient pursuant to F.R.C.P. 12(b)(5) and 4(e), and service should be quashed and the case dismissed as to these Defendants.

11. Additionally, Defendants Duggan and Marez understand that Defendant ASA and several other individual Defendants who have been served are filing a Motion to Dismiss the Complaint in its entirety. All of the arguments therein made are applicable to Defendants Duggan and Marez, and form additional reasons to dismiss Defendants Duggan and Marez. These Defendants adopt and incorporate by reference all of the arguments as set forth in ASA and the other individual Defendants' Motion to Dismiss as if fully set forth herein.

WHEREFORE, the premises considered, Defendants Duggan and Marez request that the Court grant this Motion, quash the service and dismiss the Complaint.

/s/ *John J. Hathway*
John J. Hathway, Esq. #412664
Dwight W. Stone, Esq. #MD22698
Stacey Pine, Esq. #1029133
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
dstone@wtplaw.com
spine@wtplaw.com

Attorneys for Defendants

- 5 -

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 9th day of June, 2016, via the Court's electronic filing system, upon the following:

>Jerome M. Marcus, Esquire
>Jonathan Auerbach, Esquire
>Marcus & Auerbach
>1121 N. Bethlehem Pike
>Suite 60-242
>Spring House, PA  19477
>
>Scott Neal Godes, Esquire
>Devin J. Stone, Esquire
>Barnes & Thornburg LLP
>1717 Pennsylvania Avenue, N.W.
>Suite 500
>Washington, D.C. 20006-4623
>
>L. Rachel Lerman, Esquire
>2029 Century Park East
>Suite 300
>Los Angeles, CA 90067
>
>*Attorneys for Plaintiffs*

/s/ John J. Hathway
John J. Hathway

2086569