IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al., | |
| Plaintiffs, | |
| and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION, | |
| Derivative Plaintiff, | |
| v. | Case No: 1:16-cv-00740-RC |
| LISA DUGGAN, et al., | |
| Defendants. | |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Defendants The American Studies Association ("ASA"), Avery Gordon, Sunaina Maira, Neferti Tadiar, Chandan Reddy, Lisa Duggan and Curtis Marez, by undersigned counsel, answer the Amended Complaint and state as follows:

1.  The first sentence in paragraph 1 is denied as phrased. Further responding, the case arises from ASA's adoption of a Resolution. The second sentence in paragraph 1 is admitted, though further responding the second sentence is not a complete statement of ASA's mission. The third sentence references documents which need to be read in their entirety. The allegations in the fourth sentence of paragraph 1 are denied. As to the allegations in the last sentence of paragraph 1, it is admitted that

Plaintiffs have brought this lawsuit, and further responding, that several of the claims therein have already been dismissed by the Court.

2. The allegations contained in the first sentence of paragraph 2 are denied. The remaining allegations in paragraph 2 are legal conclusions which characterize the lawsuit and for which no response is required. To the extent any response is deemed required, any factual allegations are denied.

3. The allegations contained in paragraphs 3, 5, 6, 7, 8, 9, 25, 29, 43, 46, 47, 48, 50, 51, 68, 88, 89, 92, 94, 98, 99, 103, 104 and 106 are denied.

4. The allegations contained in the first and third sentences of paragraph 4 are admitted, though further responding they are not complete descriptions of ASA and its role. The allegations contained in the second sentence of paragraph 4 reference documents which need to be read in their entirety. The allegations contained in the last sentence of paragraph 4 are denied.

5. The allegations contained in paragraph 10 contain some legal conclusions to which no response is required. Further responding, it is admitted that ASA is a nonprofit organization incorporated under the laws of the District of Columbia.

6. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the first and last sentence of paragraph 11, though Defendants admit that Plaintiff Bronner is a professor at Pennsylvania State University, Harrisburg. The allegations contained in the second sentence of paragraph 11 are admitted. The allegations contained in the third sentence of paragraph 11 are denied.

7. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the first and last sentences of paragraph 12. The allegations contained in the second sentence of paragraph 12 are admitted.

8. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the first, second and last sentences of paragraph 13. As to the allegations contained in the third sentence of paragraph 13, it is admitted that Plaintiff Barton's membership had lapsed periodically, including the year beginning 2012. The allegations contained in the fourth sentence of paragraph 13 are denied as phrased. Further responding, it is admitted that Plaintiff Barton attempted to pay his dues, but that he did so after the time period to be eligible to vote on the Resolution. Any remaining allegations in that sentence are denied.

9. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in paragraph 14, though understand that Plaintiff Kupfer is a professor at Pennsylvania State University, Harrisburg.

10. No response is necessary to the first sentence in paragraph 15 as those claims have been dismissed. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the second sentence of paragraph 15. Defendants admit the allegations contained in the third, fourth and fifth sentences of paragraph 15. As to the last sentence of paragraph 15, it is admitted that Defendant ASA had previously adopted a Constitution and

Bylaws that were in effect as of December 2013, although further responding, all parts of such documents are not attached to the Complaint.

11.   As to the allegations contained in paragraph 16, it is admitted that Defendant Marez is an associate professor at the University of California, San Diego, and past President of the ASA, and a citizen of the State of California.  Any remaining allegations in paragraph 16 are denied.

12.   The allegations contained in the first and last sentences of paragraph 17 are admitted.  The allegations contained in the second sentence in paragraph 17 are denied.

13.   The allegations contained in paragraphs 18, 20 and 21 are admitted.

14.   As to the allegations in paragraph 19, it is admitted that Defendant Maira was a member of ASA's 2013 National Council and is a citizen of the State of California. All remaining allegations in paragraph 19 are denied.

15.   It is admitted that the allegations contained in paragraph 22 reference certain language contained in ASA's Constitution.  Further responding, the document referenced therein needs to be read in its entirety.

16.   The allegations contained in the first sentence of paragraph 23 are admitted, and, further responding, the ASA continues to fulfill its mission.  The allegations contained in the second sentence in paragraph 23 are denied as phrased. Further responding, it is admitted that the ASA is primarily an academically-focused institution reflecting the academic composition of its members, officers and directors.

The third sentence in paragraph 23 references a document which needs to be read in its entirety though it is admitted that the language cited is contained in the document.

17. It is admitted that the language cited in paragraph 24 is contained in ASA's documents, though further responding, the documents need to be read in their entirety.

18. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in paragraphs 26, 44 and 45.

19. The allegations contained in the first sentence of paragraph 27 are denied as phrased, as the ASA continues to serve as a hub for the exchange of ideas about American culture, which includes the impact of American culture overseas and vice-versa. The allegations contained in the second sentence of paragraph 27 are admitted.

20. The allegations contained in the first two sentences of paragraph 28 are admitted, with the exception that Defendant Marez is a Professor, not Associate Professor. The allegations contained in the third sentence of paragraph 28 are denied.

21. As to the allegations contained in the first sentence of paragraph 30, it is admitted only that the ASA meeting at which the Resolution was presented and discussed took place in the District of Columbia. The remaining allegations in that sentence and in the second and third sentence of paragraph 30 are denied.

22. The allegations contained in paragraphs 31 and 32 reference documents and the cited language of those documents is admitted, though further responding, the documents must be read in their entirety and only portions are referenced. The last sentence in paragraph 32 is denied.

23. The allegations contained in the first, third, fifth and sixth sentences of paragraph 33 are denied. The allegations contained in the second sentence of paragraph 33 are admitted. As to the allegations in the fourth sentence of paragraph 33, it is admitted that 828 members voted for the Resolution.

24. The allegations contained in the first sentence of paragraph 34 are denied. As to the allegations contained in the second sentence of paragraph 34, Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations as to whether Barton was unclear on his membership status. Further responding, Barton was ineligible to vote because he was not an active member at the time period to be able to vote. Further responding, it is admitted that he paid dues and that his membership was renewed.

25. The allegations contained in paragraph 35 are denied as phrased. Further responding, it is admitted that Plaintiff Barton had not paid his dues at the time of the vote and thus was not an active member and not entitled to vote. Further responding, Mr. Barton was advised of the rules that had been set forth for voting on the Resolution. The remaining allegations are denied.

26. The allegations contained in paragraph 36 are denied as phrased. Further responding, nonmembers are not allowed to vote and rules for voting were stated on the ballot.

27. The allegations contained in paragraph 37 are admitted. Further responding, Plaintiff Barton was advised in January of 2013 that he needed to be a member in order to vote in such elections.

28. The allegations contained in paragraph 38 are admitted upon information and belief, though further responding, any such incident was the result of a technical error and any such vote was not counted.

29. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in paragraph 39 as to whether Plaintiff Barton's position on the Resolution was publicly known. Further responding, Plaintiff Barton did make his views known to John Stephens in a rant in which he expressed his hatred for those who put forth the Resolution. The allegations contained in the second sentence of paragraph 39 are denied.

30. The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 40. The allegations contained in the last sentence of paragraph 40 are denied.

31. As to the allegations contained in the first sentence of paragraph 41 are denied as phrased. Further responding, the Resolution and its purpose are set forth in the Resolution itself and that document needs to be read in its entirety. The allegations contained in the second sentence of paragraph 41 are denied.

32. The allegations contained in the first sentence of paragraph 42 are denied as phrased. Further responding, it is admitted that the Resolution's statement concerning Israel's restriction of academic activity are subject to dispute. The allegations contained in the second sentence of paragraph 42 constitute a hypothetical, as opposed to a factual statement and thus no response is required. To the extent any

response is deemed required, any such factual allegations are denied. The allegations in the remaining sentences of paragraph 42 are denied.

33. The allegations contained in paragraph 49 are denied as phrased. Further responding, it is admitted that another event was held after the Town Hall which an opportunity to speak was given, including by those opponents of the Resolution, and that all speakers were given the floor for a maximum of two minutes.

34. The allegations contained in the first sentence of paragraph 52 are denied. The allegations contained in the second sentence of paragraph 52 are denied as phrased. Further responding, it is admitted that many of the objections were ideological and disagreed with ASA's Resolution. Any further allegations are denied.

35. The allegations contained in paragraphs 53 – 67 and 69 - 77 contain allegations in support of Plaintiffs' Ultra Vires and Derivative claims. As those claims have been dismissed by the Court, there is no requirement to respond to these allegations. To the extent any response is deemed required, any such factual allegations are denied.

36. The allegations contained in paragraphs 78 – 85 represent Counts 1 and 2 which have been dismissed by the Court and thus no responses are deemed required. To the extent any responses are deemed required, any factual allegations are denied.

37. The allegations contained in paragraphs 86, 90, 95 and 100 repeat and reallege prior allegations. Accordingly, Defendants repeat and incorporate the corresponding prior responses to those paragraphs.

38.     The allegations contained in paragraphs 87, 91 and 96 set forth legal arguments or legal conclusions to which no responses are deemed required.  Further responding, to the extent any factual allegations could be read into those paragraphs, they are denied.

39.     The allegations contained in the first, third and last sentences of paragraph 93 are denied.  The allegations contained in the second and fourth sentences of paragraph 93 are denied as phrased.  Further responding, two-thirds majority was not the threshold.  Rather, the ASA had announced to its members if a majority of the members did not vote in favor of the Resolution, it would be withdrawn.

40.     The allegations contained in paragraph 97 are denied as phrased.  Further responding, neither the referenced section of the bylaws nor the referenced section of the statute apply.  Any remaining factual allegations are denied.

41.     The allegations contained in paragraph 101 are denied as phrased.  Further responding, the offering of a membership by ASA does not form a contract and any remaining allegations that do not contain legal conclusions are denied.

42.     The allegations contained in the first sentence of paragraph 102 are admitted.  The allegations contained in the second sentence of paragraph 102 are denied.

43.     The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in the first sentence of paragraph 105.  The allegations contained in the second sentence of paragraph 105 are denied.

## **FURTHER DEFENSES**

1. This Court lacks subject matter jurisdiction.

2. This Court lacks personal jurisdiction over the individual Defendants.

3. The Complaint fails to state a claim upon which relief can be granted.

4. The Defendants adopt by reference all of the defenses set forth in their Motion to Dismiss.

5. Plaintiffs lack standing.

6. Plaintiffs have not suffered direct damages from any alleged breach of contract.

7. Plaintiffs do not stand in a special relationship with Defendants.

8. Plaintiffs have not suffered any damages distinct from any damages allegedly suffered by the corporation.

9. Any damages alleged by Plaintiffs are not proximately caused by any actions or failure to act by Defendants.

10. Plaintiffs are not in contractual privity with the individual Defendants.

11. The lawsuit is barred in whole or in part by the doctrines of waiver and/or estoppel.

12. Any allegations not specifically admitted are denied.

13. The lawsuit was brought for improper purposes and to harass the Defendants.

14. Defendants reserve their rights to raise any defense in law or in fact which may be available.

WHEREFORE, the premises considered, the Defendants respectfully request that the Court deny the prayers for relief sought by the Plaintiffs, to enter judgment in Defendants' favor, for costs, attorneys' fees and any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ John J. Hathway*
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com

Attorneys for Defendants

## PRAYER FOR JURY TRIAL

The Defendants request a jury trial on all issues so triable.

Respectfully submitted,

*/s/ John J. Hathway*
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 14th day of April, 2017, via the Court's electronic filing system, upon the following:

> Jerome M. Marcus, Esquire
> Jonathan Auerbach, Esquire
> Marcus & Auerbach
> 1121 N. Bethlehem Pike
> Suite 60-242
> Spring House, PA  19477
>
> Scott Neal Godes, Esquire
> Devin J. Stone, Esquire
> Barnes & Thornburg LLP
> 1717 Pennsylvania Avenue, N.W.
> Suite 500
> Washington, D.C. 20006-4623
>
> L. Rachel Lerman, Esquire
> 2029 Century Park East
> Suite 300
> Los Angeles, CA 90067
>
> Attorneys for Plaintiffs

*/s/ John J. Hathway*
John J. Hathway

*2098045*