**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON, <br><br> Plaintiffs, <br><br> v. <br><br> LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, and THE AMERICAN STUDIES ASSOCIATION <br><br> Defendants. | Civil Action No. 16-cv-00740-RC |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CERTAIN LANGUAGE FROM DEFENDANTS' AMENDED ANSWER**

Plaintiffs Simon Bronner, Michael Rockland, Charles D. Kupfer, and Michael L. Barton (collectively, "Plaintiffs"), through the undersigned counsel, respectfully move this Court for entry of an order striking the following language from Defendants' Amended Answer, describing Plaintiff Michael Barton: "in a rant in which he expressed his hatred for those who put forth the Resolution." (Defs.' Amended Answer, Dkt. 33, ¶ 29.) This motion is brought pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## I.    THE LANGUAGE SHOULD BE STRUCK PURSUANT TO RULE 12(f)

"Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading, or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness."

- 1 -

*Judicial Watch v. United States DOC*, 224 F.R.D. 261, 263 (D.D.C. 2004).  Although motions to strike are generally disfavored where the objectionable material is merely irrelevant, where allegations "are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457-58 (D.D.C. 1994); *Todhunter, Mandava, & Assoc. v. I.C.C.I. Pty., Ltd.*, 1991 U.S. Dist. LEXIS 11353, *2-3 (D.D.C. Aug. 14, 1991) (granting motion to strike where allegations "are irrelevant to this case and prejudicial to defendants"); *Jackson v. H. R. Nicholson Co.*, 545 F. Supp. 762, 764 (D.D.C. 1982) (granting motion to strike references to a conspiracy, finding "such language being unsupported, immaterial, impertinent, and scandalous").

### A.      The Statement Is Immaterial and Impertinent

"A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand." *Judicial Watch*, 224 F.R.D. at 263 (applying Rule 12(f) to a declaration); *Wiggins v. Philip Morris*, 853 F. Supp. at 457-58 (striking allegations in complaint that "fail to support plaintiff's legal claims against either defendant in this case" and "are simply irrelevant as to plaintiff's civil rights causes of action"); *Todhunter,* 1991 U.S. Dist. LEXIS 11353 at *2-3 (striking plaintiff's allegations that are "irrelevant to its fraud cause of action").

The statement that Plaintiff Barton engaged "in a rant in which he expressed his hatred for those who put forth the Resolution," aside from being both false and scandalous, is clearly irrelevant and immaterial to the claims and defenses at issue in this lawsuit.

The statement at issue is found in the following paragraph of the Defendants' Amended Answer:

> The Defendants lack knowledge and information sufficient enough to form a belief as to the truth of the allegations contained in paragraph 39 as to whether Plaintiff Barton's position on the Resolution was publicly known. Further responding, Plaintiff Barton did make his views known to John Stephens ***in a rant in which he expressed his hatred for those who put forth the Resolution***. The allegations contained in the second sentence of paragraph 39 are denied.

(Defs.' Amended Answer at ¶ 29, *emphasis added*.)  As stated, paragraph 29 of the Amended Answer responds to paragraph 39 of Plaintiffs' Amended Complaint, which reads as follows:

> Plaintiff Barton's position on the Boycott Resolution was publicly known and in particular was known to John Stephens.  On information and belief, Plaintiff Barton was not allowed to vote because of his views.

(Amended Complaint, Dkt. 19, ¶ 39.)  The only claim (or defense) that either paragraph relates to is Count Six, a claim for breach of contract brought by Plaintiff Barton against the ASA for refusing to let him vote on the resolution.  (Amended Complaint at pp. 30-31.)  Plaintiff Barton had been a member of the ASA for 44 years, but his membership briefly lapsed before the vote. When he paid his dues to reactivate his membership, the ASA accepted his payment but still refused to let him vote.  Plaintiff Barton thus alleges that the ASA's refusal to let him vote on the resolution violates the contractual agreement between the ASA and himself, an ASA member. He further alleges that he was refused the opportunity to vote because his view on the resolution – he opposed it – was well known, and specifically, that John Stephens, the executive director of ASA, was aware of his views.

Even if Plaintiff Barton engaged in a "rant" and expressed "hatred against the proponents of the resolution" – and he certainly did not do either[1] – that allegation has no bearing on the

---

[1] Plaintiffs vociferously dispute the characterization of any statements by Plaintiff Barton as "a rant in which he expressed his hatred for those who put forth the Resolution."  Plaintiffs further

question of whether the ASA breached its contract by refusing to let him vote.  Nor do

Defendants even attempt to link this false statement to the breach of contract claim, or any other

claim or defense.

Because the language is wholly irrelevant to their case, Defendants will suffer no

prejudice if it are struck.  If anything, the language supports Plaintiffs' claim that John Stephens

knew that Plaintiff Barton would vote against the resolution, and that Barton's position on the

resolution was well known at the ASA.  In a similar case, granting a motion to strike, this court

noted that the statement actually cut against the party that made it.  *See Wiggins v. Philip Morris*,

853 F. Supp. at 457-58 (granting motion to strike and noting that instead of supporting plaintiff's

claims, "these allegations cut against any liability of Philip Morris").

### B.     The Statement Is Scandalous and Prejudicial

"A pleading or portion thereof qualifies as 'scandalous' for the purposes of Rule 12(f)

when it 'generally refers to any allegation that unnecessarily reflects on the moral character of an

individual or states anything in repulsive language that detracts from the dignity of the court.'"

*Judicial Watch*, 224 F.R.D. at 263, *quoting* 2 *Moore's Federal Practice* § 12.37[3], at 12-97;

*Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (same).  The (false) description of Plaintiff

Barton engaged in a "rant" and spewing "hate" toward the proponents of the resolution is clearly

intended to reflect on his moral character.  The language seeks to show him as a hateful person,

which he is not, and hints at racism and Islamophobia – characteristics that he does not manifest.

---

dispute that Plaintiff Barton has ***ever*** expressed "hatred for those who set forth the resolution," or
had any conversation with John Stephens that could be characterized as a rant.  Although falsity
is not an explicit criterion of Rule 12(f), we note that Plaintiff Barton is willing and prepared to
state under penalty of perjury that the assertion is untrue.  If the court would find such testimony
helpful, Plaintiff Barton will submit a sworn affidavit upon request.

The suggestion of angry rants, hatred, and racism "casts a derogatory light" on the character of Plaintiff Barton, and thus is scandalous for purposes of Rule 12(f).  5 Wright and Miller, *Federal Practice and Procedure*, Civil, § 1382, at 826 (scandalous material "is that which improperly casts a derogatory light on someone, most typically on a party to the action"); *see also Vite Techs., LLC v. Smith & Nephew, Inc.*, No. 14-1507-SLR, 2015 U.S. Dist. LEXIS 95840, at \*5 (D. Del. July 23, 2015) (*quoting Wright and Miller*, and striking allegations that reflect "an intentional effort to cast the inventor in a derogatory light at the outset of the case").

Given that the allegation has absolutely no bearing on the defendants' case – and that it actually cuts against defendants' case – it is difficult to imagine any intention for accusing Plaintiff Barton of engaging in a hateful rant "except to inflame the reader." *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references to Michael Milken's criminal record and income, because "[r]eference to those matters serves no purpose except to inflame the reader. . . . there is no reason to allow those references to remain in the complaint").

In *Judicial Watch,* this court rejected a similar attempt to characterize a party's demeanor in an interaction between the parties.  Applying Rule 12(f) to a declaration, the characterizations were "stricken as impermissible attempts to place before the Court irrelevant, impugning and/or inflammatory statements [in] an obvious attempt to impugn the character of persons employed by the defendant.  Rule 12(f) prohibits the inclusion of such statements . . . as they do not constitute facts that inform the Court's decision on the issue."  224 F.R.D. at 264 (also striking "outrageous," "atrocious," "improper," "unethical," and "dishonest" in descriptions of defendants' conduct).

We believe the characterization of Plaintiff Barton engaged "in a rant in which he expressed his hatred for those who put forth the Resolution" easily meets the standard applied in *Judicial Watch* – if "improper" and "atrocious" are scandalous, certainly "hateful rant" is.

Indeed, this court has consistently held that language that "casts a derogatory light" on a party's personality or character is "scandalous" for purposes of Rule 12(f).  For example, in *Pigford*, 215 F.R.D. at 2, the court struck allegations of racism, and in *Wiggins*, 853 F. Supp. at 458, the court struck language that implied that an employee of the defendant abused illegal drugs.  *See also Todhunter,* 1991 U.S. Dist. LEXIS 11353 at *2-3 (striking from complaint mention of defendant's previous improper use of a trademark because it "appears to the court that plaintiff raises the trademark issue solely to prove that defendants' purported fraud . . . is in conformity with prior conduct" and noting that character evidence for that purpose would be inadmissible at trial).

## II.     CONCLUSION

Pursuant to Rule 12(f) and the cases interpreting the rule, the words "in a rant in which he expressed his hatred for those who put forth the Resolution" should be struck from Defendants' Amended Answer.

Plaintiffs sought to meet and confer with Defendants, who inform Plaintiffs that they do not consent to the relief requested in this motion.

Dated:  May 12, 2017                    Signed:  _/s/Jerome M. Marcus___
                                                     Jerome M. Marcus

                                        **MARCUS & AUERBACH LLC**
                                        Jerome M. Marcus, Esq. (admitted pro hac vice)
                                        Jonathan Auerbach, Esq. (admitted pro hac vice)
                                        1121 N. Bethlehem Pike, Suite 60-242
                                        Spring House, PA 19477
                                        (215) 885-2250
                                        jmarcus@marcusauerbach.com

                                        *Lead Counsel for Plaintiffs*


                                        **BARNES & THORNBURG LLP**

                                        Scott Godes, Esq. #463674
                                        Devin Stone, Esq. #1022055
                                        1717 Pennsylvania Avenue NW, Suite 500
                                        Washington, DC 2006-4623
                                        (202) 408-6928

                                        L. Rachel Lerman, Esq. (admitted pro hac vice)
                                        2029 Century Park East, Suite 300
                                        Los Angeles, CA 90067-2904
                                        (310) 284-3871

                                        *Counsel for Plaintiffs*



                                        **THE LOUIS D. BRANDEIS CENTER**
                                        **   FOR HUMAN RIGHTS UNDER LAW**

                                        Kenneth Marcus, Esq. #437391
                                        Jennifer Gross, Esq. #1003811 (D.D.C. pending)
                                        1717 Pennsylvania Avenue NW, Suite 1025
                                        Washington, DC 2006-4623
                                        (202) 559-9296

                                        *Counsel for Plaintiffs*