## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER,<br><br>    et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>LISA DUGGAN,<br><br>    et al.,<br><br>    Defendants | Civil Action No. 16-0740 (RC) |

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COME NOW the Defendants hereto, by and through the undersigned counsel, Whiteford, Taylor & Preston, LLP, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby move for judgment on the pleadings as to Count Three of the Amended Complaint. Notwithstanding the Plaintiffs' attempts to plead a direct claim for waste, their claims remain derivative. That is, any claim for corporate waste would need to be brought on behalf of the corporation. And as ASA is no longer a derivative Plaintiff, the claims must therefore fail as a matter of law.

This Court is familiar with the factual background of this litigation: Plaintiffs allege the American Studies Association ("ASA") adopted, in December 2013, a "Boycott Resolution" supporting the "protected rights of students and scholars everywhere to engage in research and public speaking about Israel-Palestine and in support of the boycott, divestment and sanctions (BDS) movement." (Amended

Complaint, ¶ 31).  Plaintiffs took umbrage at what they perceived as an *ultra vires* act, and filed their 106-paragraph Amended Complaint, seeking injunctive and declaratory relief to kill the Resolution, with which the Plaintiffs obviously disagreed.   The Defendants moved to dismiss.

The Court, in its March 31, 2017 Memorandum Opinion, found that the Resolution did not constitute an *ultra vires* act, and that Plaintiffs had utterly failed to comply with D.C. Code § 29-411.03, which requires a demand on the corporation no less than ninety days before bringing any derivative action.   Thus, the Court dismissed the "Plaintiffs' derivative claims pursuant to Federal Rule of Civil Procedure 23.1." (Opinion at 29)   Because the Court further found that the Nonprofit Corporation Act did not necessarily prohibit a direct claim by Plaintiffs for waste of corporate assets, Count Three was not dismissed in its entirety.

Defendants now assert that, given the Court's reasoning, Count Three cannot survive for the simple reason that Plaintiffs have demonstrated no direct claim for waste.   As the D.C. Circuit stated in <u>Cowin v. Bresler</u>, 741 F.2d 410, 414 (D.C. Cir., 1984),

> Claims of corporate mismanagement must be brought on a derivative basis because no shareholder suffers a harm independent of that visited upon the corporation and the other shareholders.
> (*citing* <u>Bokat v. Getty Oil Co.</u>, 262 A.2d 246, 249 (Del. 1970); <u>Empire Life Ins. Co. v. Valdak Corp.</u>, 468 F.2d 330, 335 (5th Cir. 1972)).

*See also* <u>Burman v. Phoenix Worldwide Industries, Inc.</u>, 384 F.Supp.2d 316, 338 (D.D.C. 2005) (claim for breach of fiduciary duty arising out of failure to secure revenue was

dismissed as stating only a derivative claim).   The only exceptions noted by the <u>Cowin</u>
Court lay where the wrongful conduct either "violates a duty to the complaining
shareholder independent of the fiduciary duties owed that party along with all other
shareholders, or, where the conduct causes an injury to the shareholder distinct from
any injury to the corporation itself."   <u>Cowin</u>, *supra*, 741 F.2d at 415.  This doctrine –
which remains the majority rule – was further developed by the Delaware Supreme
Court in <u>Tooley v. Donaldson, Lufkin & Jenrette, Inc.</u>, 845 A.2d 1031 (Del. 2004):

> We set forth in this Opinion the law to be applied henceforth
> in determining whether a stockholder's claim is derivative or
> direct.   That issue must turn *solely* on the following
> questions: (1) who suffered the alleged harm (the
> corporation or the suing stockholders, individually); and (2)
> who would receive the benefit of any recovery or other
> remedy (the corporation or the stockholders, individually)?
> <u>Tooley</u>, 845 A.2d at 1033.

Nothing in the Amended Complaint would suggest that any Plaintiff fits within
the exceptions of either <u>Cowin</u> or <u>Tooley</u>.  Plaintiffs have pled no injury unique to
themselves, nor any reason why they should have been treated differently than the
other members of the Association.   What they do allege is that the adoption of the
Boycott Resolution has "resulted in the damages alleged herein and outlined in prior
Counts and previous paragraphs" (¶ 89).   These damages are: the resignation of many
members, causing a diminution of dues income to ASA (¶ 60); a deterioration of ASA's
reputation as a scholarly organization (¶¶ 61, 67); and the expenditure of time and

money by ASA in support of the boycott (¶ 68). These damages all redound on the Association, for better or worse, and not on the Plaintiffs.[1]

By the same token, none of the Plaintiffs have claimed any duty owed to them individually and separate from the other members of the Association. While Mr. Barton has claimed that he was denied the opportunity to vote on the Resolution, that is not part of the claim for waste. Instructive, here, is <u>ECR Properties, LLC v. Camden County Development LLC</u>, 998 F.Supp.2d 1295 (M.D.Ala. 2014), a case where a joint venture to develop real estate broke down. In that case, the Court declined to dismiss the claims as derivative, noting that the plaintiff was *not* merely claiming that the defendant had diminished the value of the outstanding stock through mismanagement. On the contrary, because plaintiffs claimed that the defendant had fraudulently induced them to enter into the joint venture and conspired with another defendant to avoid its obligations, a direct claim against the corporation had been stated.

Here, none of these damages claimed in the Amended Complaint affect the Plaintiffs individually, nor set them apart from the other members of the Association. Plaintiffs allege no special duty owed to *them* by ASA, nor any way in which they were harmed to the exclusion of all other ASA members. Plaintiffs have thus failed to plead

---

[1]     This fact distinguishes the instant case from <u>Daley v. Alpha Kappa Alpha Sorority, Inc.</u>, 26 A. 3d 723 (D.C. 2011). In *Daley*, the plaintiffs claimed that the corporate funds were misused for an officer's personal expenses. Here, by contrast, Plaintiffs do not claim that their monies were misused for any personal expense, but only that other people have been dissuaded from paying into ASA's coffers.

any fact, no matter how trivial, that would suggest any basis for a direct claim against Defendants for corporate waste.[2]

All that Plaintiffs claim is that adoption of the Resolution has resulted in a dissipation of corporate assets, and a blow to ASA's prestige.[3]  This, however, is by definition a derivative action, not a direct one.   See 19 Am.Jur.2d Corporations, § 1946; see also River Mgt. Corp. v. Lodge Properties, Inc., 829 P.2d 398, 403 (Colo. Ct. App. 1991) ("In general, claims of waste and mismanagement of corporate assets … can only be raised by the corporation itself or by the stockholder in a derivative suit"); Abbott v. McNeff, 171 F.Supp.2d 935 (D.Minn. 2001) (with a successful claims of corporate waste, the corporation will benefit, and the shareholder will benefit only indirectly); Brug v. The Enstar Group, Inc., 755 F.Supp. 1247, 1257 (D.Del. 1991) (claims of corporate waste "fall equally on all stockholders … and must be brought as derivative actions."); Sykes v. Meyler, 453 F.Supp.2d 936, 940-41 (E.D.Va. 2006) ("In order to maintain a direct action, the shareholder's injury must be independent of the corporation's injury.   It cannot be the result of the injury to the corporation."); Keller v. Estate of Edward Stephen McRedmond, 495 S.W.3d 852 (Tenn. 2016); GLFP, Ltd. v. CL Mgt., Ltd., 163 P.3d 636, 640 (Utah 2007); Cohen v. Mirage Resorts, Inc., 62 P.3d 720, 732 (Nev. 2003).

A Rule 12(c) motion for judgment on the pleadings can be made after the pleadings are closed but early enough not to delay trial.   Here, the Answers were

---

[2]     Conversely, to the extent that Plaintiffs have been forced to acknowledge an opinion contrary to their own, that is not an injury, but a benefit of living in a free and open society.

[3]     Although not necessary for this Court to decide this Motion, Defendants note that Plaintiffs' recent Initial Disclosures confirms the point:   the damages Plaintiffs are seeking are those allegedly suffered by ASA.   See Exhibit 1, p. 3 ("all data upon which calculations will be based are exclusively in the hands of Defendants…loss of revenue by ASA…ASA funds expended").

recently filed and no trial date is set. The standard for judgment on the pleadings is the same as for a motion to dismiss: the complaint must contain sufficient factual allegations to state a claim. *See* Judicial Watch, Inc. v. United States Dep't of Homeland Sec., 211 F.Supp.3d 143, at 145 (D.D.C. 2016); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Nowhere in the Amended Complaint do Plaintiffs state any allegation, factual or conclusory, that would suggest the existence of a direct claim against the Defendants for waste. For these reasons, Defendants respectfully request that the Court enter judgment in their favor on Count Three of the Amended Complaint, and dismiss that Count with prejudice.

Respectfully submitted,

*/s/ John J. Hathway*
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 31st day of May, 2017, via electronic mail upon:

> Jerome M. Marcus, Esquire
> Jonathan Auerbach, Esquire
> Marcus & Auerbach LLC
> 1121 N. Bethlehem Pike
> Suite 60-242
> Spring House, PA 19477
> jmarcus@marcusauerbach.com
> auerbach@marcusauerbach.com
>
> Kenneth Marcus, Esq.
> Jennifer Gross, Esq.
> The Louis D. Brandeis Center for
>   Human Rights Under Law
> 1717 Pennsylvania Avenue, N.W., Suite 1025
> Washington, D.C. 20006-4623
> klmarcus@brandeiscenter.com
> jenniegross@brandeiscenter.com
>
> Scott Neal Godes, Esquire
> Devin J. Stone, Esquire
> Barnes & Thornburg LLP
> 1717 Pennsylvania Avenue, N.W., Suite 500
> Washington, D.C. 20006-4623
> sgodes@btlaw.com
> dstone@btlaw.com
>
> L. Rachel Lerman, Esquire
> 2029 Century Park East, Suite 300
> Los Angeles, CA 90067
> rlerman@btlaw.com
>
> Attorneys for Plaintiffs
>
> /s/ John J. Hathway
> John J. Hathway

2204928

7