UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, <br><br> et al., <br><br> Plaintiffs <br><br> v. <br><br> LISA DUGGAN, <br><br> et al., <br><br> Defendants | Civil Action No. 16-0740 (RC) |

## DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COME NOW the Defendants hereto, by and through the undersigned counsel, Whiteford, Taylor & Preston, LLP, and hereby respond to the Plaintiffs' Opposition to the Motion for Partial Judgment on the Pleadings. As discussed below, their arguments do not withstand scrutiny.

Two procedural points suggest themselves. First, Plaintiffs' Opposition does not bear the signature of a member of the Bar of this Court. The only signature line – with an italicized "signature" – is that of Jerome Marcus, who has been admitted *pro hac vice* for purposes of this case. The Rules of the Court, however, state that any filing must bear the signature of a member of the Bar of this Court. *See* Local Civil Rule 83.2(c). The Opposition does not conform to this requirement, and is not properly before the Court.

Plaintiffs also complain that the Motion comes too late, that it should have been filed as part of Defendants' Motion to Dismiss under Rule 12(b)(6).  The plain language of Rule 12(c), however, belies this position.  Under Rule 12(c), a motion may be brought "[a]fter the pleadings are closed—but early enough not to delay trial…"  This requirement has been met: Defendants have only recently responded to the Amended Complaint.  Further – and contrary to Plaintiffs' contentions – "[o]rdinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings."  5C WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 1367, at 215-17.  The Opposition's claim that this Motion is a waste of time and resources is simply wrong.  Having the Court decide the issue now, as contemplated by Rule 12(c), would avoid wasting much of the Parties' (and the Court's) time and resources in prosecuting and defending through discovery a claim that is not viable.

Moreover, the current Motion is a clear outgrowth of the Court's Memorandum Order dismissing all possible derivative claims in this litigation.  Specifically, the Court found in its March 31, 2017 Order that all derivative claims in the Amended Complaint would be dismissed.  As Defendants have argued, in light of that ruling, the substantive law is clear that the Plaintiffs' claim for corporate waste must also fail as a matter of law: such claim is, with few exceptions, entirely a derivative action.  As noted above, a Rule 12(c) motion may be brought at any time after the pleadings have closed.  Further, Rule 12(h) states that a motion for failure to state a claim upon which relief may be granted may be raised by a motion under Rule 12(c), even if a motion under Rule

12(b)(6) has already been filed.  Cf. DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 23 (D.D.C. 2002).

Substantively, Plaintiffs' Opposition raises only one argument.  Relying on Daley v. Alpha Kappa Alpha Sorority, Inc., 26 A.3d 723 (D.C. 2011) and Jackson v. George, 146 A.3d 405 (D.C. 2016), they claim that the doctrine of corporate waste as solely a derivative action is inapplicable to nonprofit corporations.  They have misread the very case-law upon which they rely, for both Daley and Jackson rested, ultimately, on a finding that the plaintiffs had been directly and individually injured.  It is this finding, and not an over-arching pronouncement of non-profit corporation law, that supported the Court's rulings in those two opinions.

Specifically, in Daley, AKA, the national nonprofit corporation, was governed by a "Boule" and headed by a "Directorate."  Plaintiffs alleged that the Directorate had unlawfully made a number of improper payments to the "Supreme Basileus", amounting to hundreds of thousands of dollars.  Plaintiffs further claimed that these payments had been made without Boule approval and that plaintiffs, as Boule members, had not been allowed to vote on the matter – in fact, had been prevented from voting by the Supreme Basileus – and had had their membership privileges revoked. Daley, *supra* 26 A.3d at 726 – 7.  In ruling on whether the plaintiffs had standing to bring the lawsuit, the Court of Appeals found that "the individual rights of the plaintiffs were affected by the alleged failure to follow the dictates of the constitution and by-laws and thus they had a 'direct, personal interest' in the cause of action, even if 'the corporation's rights are also implicated.'"  *Id.* at 729 (emphasis

3

added). It was because of this infringement of their individual rights (to vote, to be a member, etc.) that the Daley plaintiffs had standing for their claims as a whole.

While the Court did state that that transposition of for-profit corporate law into the non-profit corporation realm made for an "uneasy fit" (*id.*), at no point did the Court of Appeals state that the derivative nature of a claim specifically for corporate waste would never be applied in the non-profit corporation context. In fact, in reaching its conclusion, the Daley Court cited with approval Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031 (Del. 2004). In so doing, the Court signaled that the framework enunciated in Tooley – namely, whether the corporation or the shareholder suffered the actual harm – would remain the appropriate factor, regardless of whether the corporation was for-profit or non-profit. At no time, however, did the Daley Court rule on whether the claim for corporate waste, or any of the other individual claims in the complaint, might better have been brought derivatively.

For its part, Jackson v. George, 146 A.3d 405 (D.C. 2016) does not even involve a claim of corporate waste. Rather, plaintiffs sought a declaratory judgment, an accounting, and damages for breach of fiduciary duty, unjust enrichment, fraudulent concealment and constructive fraud. *Id.* at 411. It is hard to see how Plaintiffs here can claim that the Jackson Court explicitly stated that corporate waste in a nonprofit corporation could not be derivative when no claim for waste was even before the Court.

In Jackson, the plaintiffs alleged that: they had been long-time congregants of Jericho Baptists Church Ministries in D.C. but that the Defendants had incorporated a church with the same name in Maryland, and then fraudulently merged the Boards of

Trustees of the two churches, transferring all of the D.C. church's assets to the Maryland entity. Jackson, *supra* 146 A.3d at 409 – 10; *see also* Jericho Baptist Church Ministries, Inc. v. Jericho Baptist Church Ministries, Inc., 2016 WL 7187617 (D.D.C. 2016). Following trial on the merits and judgment for plaintiffs, the defendants appealed on a number of grounds. The Court of Appeals affirmed, and held, in pertinent part, that the "appellees sought relief from appellants' conduct in (allegedly) *barring them (but not all others)* from church property and facilities and from attending church services and from appellants' allegedly unauthorized use of appellees' tithes and offerings." On that basis, the Court held that the trial court had correctly found that the plaintiffs had "alleged an injury particularized to them and a 'personal financial stake'" and could thus proceed on their direct, not derivative claims. Jackson, *supra*, at 415 (emphasis added). Again, the Jackson Court based its holding specifically on the plaintiffs' individual claims.

Plaintiffs claim that the Motion for Partial Judgment "comes close to the line of misrepresenting controlling law" (Opposition at 6). At the risk of sounding flippant, it would appear that Plaintiffs have forgotten the adage about stones and glass houses. Both Daley and Jackson follow the distinction first set forth in Cowin v. Bresler, 741 F.2d 410, 414 (D.C. Cir., 1984) between a derivative action and a direct action that specifically injures the individual plaintiffs as opposed to the membership as a whole. Plaintiffs' argument that either case rejected this general law rings hollow.

As Defendants have argued, the Amended Complaint is absolutely silent as to any damage that the Plaintiffs might have suffered individually. They claim that the

5

Resolution has resulted in: the resignation of many members, causing a diminution of dues income to ASA (¶ 60); a deterioration of ASA's reputation as a scholarly organization (¶¶ 61, 67); and the expenditure of time and money by ASA in support of the boycott (¶ 68). These are losses allegedly suffered by the corporation, not by the Plaintiffs. Nor do Plaintiffs allege any special duty owed to them particularly by any defendant, nor any way in which they were harmed to the exclusion of all other ASA members. All that Plaintiffs claim is that adoption of the Resolution has resulted in a reduction of corporate assets and a blow to ASA's prestige.

Plaintiffs' Opposition also fails to account for their own Initial Disclosure Statement. Under Rule 26(a)(1), Plaintiffs were required to disclose "a computation of each category of damages claimed …". Their Initial Disclosure only listed damages for "loss of revenue by ASA" and "ASA funds expended", the evidence for which Plaintiffs claimed lay "exclusively in the hands of Defendants." By their own submissions – the Amended Complaint and the Initial Disclosures – Plaintiffs have admitted that the only damages claimed here were suffered by ASA as a corporate entity, and not by the Plaintiffs individually. Their claim for corporate waste are, therefore, entirely derivative, and should be dismissed.

Finally, as Plaintiffs did correctly note, the <u>Daley</u> Court ultimately affirmed the dismissal of the claim for corporate waste under Rule 12(b)(6). The logic in that opinion would also support the Motion for Partial Judgment here. The <u>Daley</u> Court opined that "the essence of a waste claim is 'the diversion of corporate assets for improper and unnecessary purposes'". <u>Daley</u>, *supra* 26 A.3d at 730. Merely a showing

6

that the actions contravened internal procedures would not suffice.  *Id.* ("The heart of appellants' case focuses on the absence of Boule approval, and the doctrine of corporate waste does not help them there.")

For these reasons, and for the reasons stated in Defendants' Motion for Partial Judgment, Defendants respectfully request that the Court enter judgment in their favor on Count Three of the Amended Complaint, and dismiss that Count with prejudice.

Respectfully submitted,

*/s/ John J. Hathway*
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 21st day of June, 2017, via electronic mail upon:

>Jerome M. Marcus, Esquire
>Jonathan Auerbach, Esquire
>Marcus & Auerbach LLC
>1121 N. Bethlehem Pike
>Suite 60-242
>Spring House, PA  19477
>jmarcus@marcusauerbach.com
>auerbach@marcusauerbach.com
>
>Kenneth Marcus, Esq.
>Jennifer Gross, Esq.
>The Louis D. Brandeis Center for
>   Human Rights Under Law
>1717 Pennsylvania Avenue, N.W., Suite 1025
>Washington, D.C. 20006-4623
>klmarcus@brandeiscenter.com
>jenniegross@brandeiscenter.com
>
>Scott Neal Godes, Esquire
>Devin J. Stone, Esquire
>Barnes & Thornburg LLP
>1717 Pennsylvania Avenue, N.W., Suite 500
>Washington, D.C. 20006-4623
>sgodes@btlaw.com
>dstone@btlaw.com
>
>L. Rachel Lerman, Esquire
>2029 Century Park East, Suite 300
>Los Angeles, CA 90067
>rlerman@btlaw.com
>
>Attorneys for Plaintiffs

>                    */s/ John J. Hathway*
>                    John J. Hathway

*2207652*