# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, and THE AMERICAN STUDIES ASSOCIATION<br><br>Defendants. | Civil Action No. 16-cv-00740-RC |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiffs Simon Bronner, Michael Rockland, Charles D. Kupfer, and Michael L. Barton (collectively, "Plaintiffs"), through the undersigned counsel, respectfully request leave of this Court to file the attached Plaintiffs' Surreply Responding to Defendants' Motion for Partial Judgment on the Pleadings ("Surreply"). The Surreply responds to arguments raised for the first time in Defendants' Reply in Support of the Motion for Partial Judgment on the Pleadings (Dkt. 37, "Reply Brief"), including misstatements of law and fact.

The decision to grant or leave to file a surreply "is entrusted to the sound discretion of the district court." *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011). "A surreply may be appropriate, *inter alia*, when the 'proposed surreply would be helpful to the resolution of the pending motion' and the other party would not be 'unduly prejudiced.'" *Bayala v. United States Dep't of Homeland Sec.*, 2017 U.S. Dist. LEXIS 47880, *7 (D.D.C. Mar. 30, 2017), *quoting*

*Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011). Leave to file a surreply is appropriate where a party "is deprived of the opportunity to contest matters raised for the first time in the movant's reply." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Leave to file a surreply may be necessary where the movant raises new legal arguments, and particular where the reply brief includes inaccuracies, or misrepresentations of law or fact. *See American Forest & Paper Ass'n, Inc., v. U.S. Environ. Protection Agency*, No. 93-cv-0694 (RMU), 1996 WL 509601, *3 (D.D.C. 1996) (granting leave). *See also Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a surreply").

## ARGUMENT

Defendants' Reply Brief is composed of almost entirely new arguments, including key arguments that are based on a misstatement of the law. Plaintiffs' Surreply addresses these arguments, and corrects Defendants' misstatement of the law.

**I. The Court Should Grant Leave to Allow Plaintiffs to Respond to Defendants' Attempts to Distinguish Key District of Columbia Cases for the First Time in the Reply Brief.**

Defendants attempt to distinguish the two leading cases – *Daley v. Alpha Kappa Alpha Sorority, Inc.*, 26 A.3d 723 (D.C. 2011) and *Jackson v. George*, 146 A.3d 405 (D.C. 2016) – for the first time in the Reply Brief. Plaintiffs will be irreparably prejudiced if they are unable to respond to these arguments. *Baloch v. Norton*, 517 F. Supp. 2d at 348 n.2 (regarding arguments

raised for the first time in a reply, "the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a surreply").

Defendants' Motion for Partial Judgment on the Pleadings offered a very short and superficial discussion of the key issue. (Dkt. 35, "Opening Brief" at 2-5.)  That discussion was based solely on cases involving shareholder strike suits involving large, for-profit, publicly-traded corporations and applying Delaware law.  Defendants failed to even acknowledge controlling District of Columbia precedent that explicitly rejects the application of the very same Delaware cases to claims brought against non-profit entities by dues-paying members.

The District of Columbia cases that Defendants ignored – *Daley v. Alpha Kappa Alpha Sorority, Inc.*, 26 A.3d 723 (D.C. 2011) and *Jackson v. George*, 146 A.3d 405 (D.C. 2016) – are binding precedent and precisely on point.  (*See* Opposition Brief at 2-6.)  It is critical that Plaintiffs have the opportunity to address Defendants' (false) arguments that suggest that the holdings in *Daley* and *Jackson* do not apply to Plaintiffs' case here.

II. **The Court Should Grant Leave to Allow Plaintiffs to Correct a Misstatement of Law that Is Central to the Motion.**

Defendants apply the "special injury" test described in *Cowin v. Bresler*, 741 F.2d 410, 414 (D.C. Cir. 1984), in their analysis of the key issue – whether Plaintiffs' waste claim is properly brought as a direct claim, and, under that test, argue that the waste claim can only be brought as a derivative claim.  (Reply Brief at 5-6.)  But *Cowin* is not good law; the Delaware Supreme Court explicitly rejected *Cowin*'s "special injury" test in *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004).

The attached surreply addresses Defendant's misstatement of law.  Plaintiffs will be irreparably prejudiced if the Court does not consider the surreply, because a central tenet of Defendants' motion is that this direct claim fails *Cowin*'s "special injury" test.

Defendants further argue that the key cases apply *Cowin*, and this is simply untrue. (Reply Brief at 5 ("*Daley* and *Jackson* follow the distinction first set forth in *Cowin v. Bresler*, 741 F.2d 410, 414 (D.C. Cir. 1984) between a derivative action and a direct action").)  As discussed above, the Surreply explains the reasoning in *Daley* and *Jackson*, and, *inter alia*, shows that neither case relies on *Cowin*.

For all of the reasons discussed above, Plaintiffs' respectfully request that this Court issue an order granting Plaintiffs leave to file the attached Surreply.

### **STATEMENT OF COMPLIANCE WITH LOCAL RULE 7(M)**

Plaintiffs met and conferred with Defendants before filing this motion with the Court. Defendants informed Plaintiffs that they do not consent to the motion or the relief sought herein.

| | |
|---|---|
| Dated:  June 30, 2017 | Signed:  */s/Scott Godes*<br>               Scott Godes |

**BARNES & THORNBURG LLP**

Scott Godes, Esq. #463674
Devin Stone, Esq. #1022055
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 2006-4623
(202) 408-6928
sgodes@btlaw.com
dstone@btlaw.com

L. Rachel Lerman, Esq. (admitted *pro hac vice*)
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3871
rlerman@btlaw.com

| | |
|---|---|
| **MARCUS & AUERBACH LLC** | **THE LOUIS D. BRANDEIS CENTER**<br>   **FOR HUMAN RIGHTS UNDER LAW** |
| Jerome M. Marcus, Esq. (admitted *pro hac vice*)<br>Jonathan Auerbach, Esq. (admitted *pro hac vice*)<br>1121 N. Bethlehem Pike, Suite 60-242<br>Spring House, PA 19477<br>(215) 885-2250<br>jmarcus@marcusauerbach.com<br>auerbach@marcusauerbach.com | Kenneth Marcus, Esq. #437391<br>Jennifer Gross, Esq. #1003811 (D.D.C. pending)<br>1717 Pennsylvania Avenue NW, Suite 1025<br>Washington, DC 2006-4623<br>(202) 559-9296<br>klmarcus@brandeiscenter.com<br>jenniegross@brandeiscenter.com |
| Joel Friedlander, Esq.<br>**FRIEDLANDER & GORRIS, P.A**.<br>1201 N. Market Street, Suite 2200<br>Wilmington, DE 19801<br>jfriedlander@friedlandergorris.com | Eric Roiter, Esq.<br>**BOSTON UNIVERSITY SCHOOL OF LAW**<br>765 Commonwealth Avenue<br>Boston, MA  02215<br>edroiter@gmail.com |