## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON, <br><br> Plaintiffs, <br><br> v. <br><br> LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, and THE AMERICAN STUDIES ASSOCIATION, <br><br> Defendants. | Civil Action No. 1:16-cv-00740-RC |

### PLAINTIFFS' STATUS REPORT

Pursuant to the Court's Order of July 21, 2017, the parties conferred on Thursday, August 3, 2017. The parties agreed that Plaintiffs' counsel would draft a Joint Status Report, and circulate the draft to defense counsel on Friday morning for defense counsel to make additions, comments, and edits to the document. On Friday morning, Plaintiffs' counsel circulated the draft document. Defendants, however, did not make additions, comments, and edits. Instead, on Friday afternoon, defense counsel sent Plaintiffs their own draft. Defendants' draft was five sentences long, and left out the status of the discovery dispute that was the subject of the conference call with the Court in the first place. Moreover, it proposed new deadlines that had not been mentioned during the parties' conference, and which were in fact proposed only in this late draft. Defendants did not propose any specific dates during the meet and confer.

Defendants' draft leaves out critical information about the discovery dispute that brought the parties to a call with the Court – including the fact that Defendants failed to meet the deadline to produce the documents at issue by July 28, 2017. Their draft also leaves out all discussion of ESI, which the parties were instructed to discuss (and which Plaintiffs' counsel attempted to

discuss during the conference), and the status of Defendants' objections, which the parties were also instructed to discuss.

The parties could not come to an agreement regarding the content of a Joint Report. Plaintiffs were willing to include information that Defendants would add, and would have edited the document to include Defendants' position on any issue, as Plaintiffs did for the previous "Joint Report." However, Defendants would not agree to a report that reported the status of the production and discovery generally, regardless of the inclusion of their point of view. Plaintiffs, on the other hand, were unwilling to limit the status report to five sentences one one issue, and so we respectfully submit this Plaintiffs' Status Report on behalf of Plaintiffs only.

Although the Court instructed the parties to establish new deadlines, Plaintiffs are unable to do so at this time because Defendants' production in response to Plaintiffs' First Set of Requests for Production ("RFPs") is not yet complete, and because Defendants took the position during the August 3 conference that they intend to withdraw at least some objections set forth in Defendants' Responses to Plaintiffs' RFPs ("Responses") but cannot complete that process until "next week" (the week of August 7 through 11). Defendants also represented they intend to make an additional, partial production of documents in response to the RFPs "next week," and another by the end of August.

**Background**

Plaintiffs served Defendant ASA and each of the individual defendants with RFPs on May 30, 2017. Each of the seven Defendants served word-for-word, identical responses to the requests on June 29, 2017. The responses include objections to 35 of the 36 requests. No documents were produced within the 30 days prescribed by the Federal Rules of Civil Procedure. (F.R.C.P. Rule 34(b).)

Plaintiffs sought to file a motion to compel production of documents.  A conference call with the Court was held on July 20, 2017, to resolve the discovery issue.  At that time, no documents had been produced.  The Court ordered defense counsel to make the production by the end of the next week (Friday, July 28, 2017).  The Court further ordered the parties to meet and confer on  August 3, 2017,  regarding a discovery plan (including the establishment of new deadlines for adding new parties, amending the complaint, and completing discovery) and to submit this Joint Status Report on Friday, August 4, 2017.

**Status of document production**

Defendant ASA produced 356 pages (53 documents).[1]   The production did not include information identifying which documents were produced in response to which request. Defense counsel has taken the position that he has no obligation to supply this information.   No documents, at all, were produced on behalf of any of the individual defendants.

During the meet and confer, Defense counsel stated that the ASA production is complete. With respect to the individual defendants, defense counsel stated that they have collected over 6,000 documents, and that a partial production will be made next week (by August 11, 2017), followed by another production in the weeks following.  Defendant represented that the entire production, on behalf of all defendants, in response to this first set of RFPs will be completed by August 31, 2017.

Plaintiffs note that the production was initially due on June 29, and that the Court subsequently ordered Defendants to complete the production by July 28, 2017.  Thus, even if

---

[1] Plaintiffs' counsel recall that, during the conference call with the Court, defense counsel indicated a far larger production than 356 pages.  Our recollection is that defense counsel referred to "boxes" and "1000 pages".  Plaintiffs ordered but do not yet have the transcript of the call.

Defendants do complete the production by the end of August, they will have taken a month longer than the Court ordered, and a total of three months to produce the documents – three times longer than the 30 days set forth in Rule 34.   Moreover, defense counsel stated that searches of the individual defendants' computers began in July.  If so, Defendants did not even begin to search for responsive documents until after the 30 day deadline for production had passed.

**Issues related to Searches for documents**

During the meet and confer, Plaintiffs' counsel asked who searched for responsive documents, and what sources were searched.  Defense counsel reported that, with respect to ASA, the search was conducted by the Executive Director, John Stephens, and that most of the documents produced thus far were from Mr. Stephens's laptop, but that the search included "all sources."   Defense counsel does not know if Mr. Stephens used more than one computer, or if more than one computer was searched.  Defense counsel does not know if Mr. Stephen's assistant's computer was searched, or if there are other staff members who use computers.  There was no inventory of potential sources of electronically-stored information ("ESI").   Defense counsel does not know the search terms and methods Mr. Stephens used to identify responsive documents, however, defense counsel stated that Mr. Stephen's phone was not searched.   No phone utilized by Mr. Stephens, or anyone else, was searched.

Defense counsel will report back to Plaintiffs' counsel regarding the methods and search terms used to identify responsive ESI, and the sources that were searched, and the parties will then meet and confer again about production of ESI.

**Missing Email And ASA computer failure**

The production from Defendant ASA did not include  email.  Documents were produced in their native format, and none are .eml files, or file types associated with email.  Moreover,

there are no meta-data associated with email in the meta-data file that accompanies the production.  An initial review by Plaintiffs' counsel identified a few .pdf files that may have been emails saved as pdf's (including two that certainly were, because they included parts of an email header at the top).  However, it is clear that these few emails do not constitute the whole of responsive emails sent and received by ASA computers over the relevant time period.

Defense counsel stated that he thought there was some email included.  Defense counsel also stated that the ASA does not have a server, and uses a vendor for email.  ASA recently changed the vendor it uses as an email provider.  Neither the current nor the former vendor's server was searched for emails (or attachments to emails) for the production.

Defense counsel agrees to conduct these searches, and represented that responsive documents will be produced by August 31, 2017.

Email should also be on the computers at ASA, however, Defense counsel reports that the ASA Executive Director's computer had a serious malfunction in early 2014 that resulted in his inability to access files.  Plaintiffs' counsel note that the production included no emails dated after early 2014, and that there are also some (non-email) documents produced from with meta-data indicating they were created in 2013.   However, since this laptop, which Mr. Stephens still uses, is his primary work computer, had a serious malfunction resulting in the elimination of access to a large number of files – which appears to include all of his email at the time, including attachments, and potentially numerous other files – Plaintiffs will issue discovery to enable them to learn the facts regarding this issue so that a plan can be developed to assess Mr. Stevens' computer and determine whether information from the relevant time period can be retrieved.

**Outstanding objections**

Each of the Defendants made the following objection to each of 35 of the 36 RFPs:

Objection, over broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not proportionate to the needs of the case.

For 11 of the 35, Defendants further responded, "Without waiving that objection, any otherwise responsive documents in Defendants' possession will be produced." For the other twenty-four requests, Defendants did not state that "otherwise responsive documents" would be produced.

Defendants stated during the meet-and-confer that although they were unable to identify, during the call, the objections from which they will recede, they will withdraw some the objections to some of the requests, and will serve an amended response to the RFPs next week (by August 11, 2017).

Plaintiffs' counsel asked defense counsel to specify, for each request, 1) whether any documents were withheld on the basis of an objection, and 2) which documents were produced in response to the specific request. Defense counsel would not agree during the meet and confer, but is considering whether it will agree to provide this information.

**Discovery deadlines**

As discussed on the call with the Court, the original scheduling order set August 1 as the last day to add parties. Other deadlines are rapidly approaching. The Court instructed the parties to agree during the August 3 meet and confer on new deadlines to propose to the Court.

The production in response to the first set of RFP's – by all defendants, not just the ASA – was ordered to be completed a week before this Joint Status Report. The parties were also to discuss whether Defendants would withdraw objections.

Because the production is not complete – indeed, it is not close to complete, as Defendants have produced less than 360 pages, and have approximately 6,000 pages left to

produce – and because Plaintiffs do not know Defendants' position on their original objections, we are unable to provide a new schedule at this time.

The parties will meet and confer again after Defendants serve the amended responses to RFPs next week.

## Protective order

Defendants seek a protective order that would protect the personal information of parties and potential witnesses, and because some of the material to be produced may reveal sentiments that might motivate people to threaten the people who uttered them.  Defense counsel will draft a proposed protective order for discussion and negotiation of a potential stipulation.

Dated:  August 4, 2017           Signed:_____*/s/ Devin J. Stone*_____
                                                                 Devin J. Stone

**BARNES & THORNBURG LLP**
Scott Godes, Esq. #463674
Devin Stone, Esq. #1022055
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 2006-4623
(202) 408-6928

L. Rachel Lerman, Esq. (admitted pro hac vice)
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3871

*Counsel for Plaintiffs*

**MARCUS & AUERBACH LLC**
Jerome M. Marcus, Esq. (admitted pro hac vice)
Jonathan Auerbach, Esq. (admitted pro hac vice)
1121 N. Bethlehem Pike, Suite 60-242
Spring House, PA 19477
(215) 885-2250
jmarcus@marcusauerbach.com

*Lead Counsel for Plaintiffs*

**THE     LOUIS     D.     BRANDEIS     CENTER
FOR HUMAN RIGHTS UNDER LAW**

Kenneth Marcus, Esq. #437391
Jennifer Gross, Esq. #1003811 (D.D.C. pending)
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 2006-4623
(202) 559-9296

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2017, I caused to be filed Plaintiffs' Status Report with the

Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties

registerd to receive such notice.

*/s/  Devin J. Stone*
Devin J. Stone

**BARNES & THORNBURG LLP**
Scott Godes, Esq. #463674
Devin Stone, Esq. #1022055
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 2006-4623
(202) 408-6928

- 9 -