## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al., | |
| Plaintiffs, | |
| and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION, | |
| Derivative Plaintiff, | |
| v. | Case No: 1:16-cv-00740-RC |
| LISA DUGGAN, et al., | |
| Defendants. | |

**PRAECIPE REGARDING PROTECTIVE ORDER**

The Parties, by undersigned Counsel, and in accordance with the representations made at the September 14, 2017 Status Conference and the Court's Minute Order of same date, submit a proposed Protective Order.  The Parties were able to make substantial progress on the proposed Protective Order but not all the differences have been resolved.  Accordingly, a proposed Protective Order is being submitted herewith which sets forth all the agreed upon language, and, where there are differences, those differences are shown on a side by side and redlined comparison.

**The Defendants' justifications for any differences are set forth below**:

Paragraphs 1, 4 and 9.   The parties agree to protect certain personally identifiable information ("PII"), though disagree on whether the names of the individuals should be included within the definition of PII.  For the reasons discussed in open Court at the status conference on September 14th, Defendants submit that the names should be protected, which is necessary to protect the individuals from harassment and threats. *See Seattle Times Co. v. Rhinehart,* 467 US 20 (1984).  This would not prejudice the Plaintiffs in prosecuting the case, and the names of any Parties need not be redacted in any court filing. (Para 9 of Proposed Order).

The parties also disagree as to what could be considered confidential information.  Defendants' proposed definition is aimed at protecting individuals from intimidation and threats.  Plaintiffs' version doesn't include as confidential information which could lead to threats and harassment, and thus misses the primary purpose of the Protective Order.  As to financial information, keeping otherwise non-public financial information is appropriate and common.  Defendants' definition would not prejudice the Plaintiffs in the prosecution of their case.

Paragraph 8 (a). The parties disagree as to whether a document produced after the entry of the Order could be deemed confidential AFTER its production. Defendants submit that such a provision should be included considered the substantial amount of documentation at issue here.  This should be of benefit to all Parties.

The Defendants are prepared to further discuss these issues at the upcoming conference and stand ready to submit any additional information the Court requests.

**The Plaintiffs' justifications are set forth below**:

With respect to paragraph 1, Defendants propose a protective order that authorizes counsel to designate absolutely any discovery material they wish as confidential.  This is far too broad.  Such a Protective Order provision would both interfere with the efficient handling of the case and breach the applicable legal standards governing the sealing of judicial records.

Plaintiffs have made clear their acceptance of an Order allowing counsel to mark a document "confidential" where "good cause [exists] to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c).  Defendants' proposal, however, would allow counsel to mark as "confidential" any document that any lawyer on the case "reasonably deems in good faith to incorporate confidential information" – without providing any definition of "confidential information" and without setting forth categories of information for which good cause exists.  And indeed, Defendants have made clear their belief that even the very names of the parties in this case, and of any other persons involved in the acts at issue, constitute confidential information.

That cannot possibly be right.  Moreover, there are no customer lists at issue in this case, where names might actually be entitled to protection.  There are no trade secrets, and indeed there is no confidential business information of any kind at issue in this case because there is no confidential business at issue in this case.  This is not a

sexual harassment case or a juvenile or family law proceeding, where events may be at issue that need not be discussed in public.  No personal health or financial data is at issue, both because none is likely to be produced and because Plaintiffs agree that if it were to appear it can be marked Confidential.

Defendants' proposed order would thus only keep sealed information that is not entitled to sealing.  Lacking any standards other than counsel's subjective belief about what should remain under wraps, Defendants' proposal "violates Rule 26(c) by delegating the good cause determination to the parties, thereby erasing the rule's requirement that there be a judicial determination of good cause.  The use of good cause categories in a protective order prevents this inappropriate delegation and instead limits the parties to determining whether a particular document or other discovery materials fits within a good cause category."  *United States ex re. Davis v. Prince*, 753 F. Supp. 2d 561, 567 (E.D. Va. 2010).  Defendants' order imposes no category restrictions at all, and it therefore falls afoul of the rule stated in *Prince.*

Defendants propose the following:

1.      Any document or information not known to the general public that is produced in this proceeding and that the producing party reasonably deems in good faith to incorporate confidential information (including, without limitation, information that could result in prejudice, harassment, threats or harm if publicly disclosed, employer information, membership information for other groups or affiliations, or financial information) whether oral

> or written, including the terms thereof, may be designated by the
>
> producing party as "CONFIDENTIAL."

Defendants' proposed description of confidential information is entirely unbounded.  Their proposal of categories is included only by way of example, and not as a definition, because the examples are provided "without limitation."  For that reason, their proposal is inconsistent with the good cause standard imposed by Rule 26(c).

Even the examples of "confidential information" Defendants do cite are flawed. To meet the good cause standard, a protective order must include clear delineations of the type of information that would present a specific and serious injury.  Allowing the sealing of information if it "could" – according to whom? -- "result in prejudice, harassment, threats or harm" is both unacceptably vague and overbroad to satisfy Rule 26(c). The other examples listed by defendants are similarly inadequate.

In their proposed Order Defendants' counsel yet again raise the specter of "harassment, threats or harm;" but there is absolutely no evidence in this case that any harassment, threats, or harm have occurred in this case to anyone at all.  And that's so even *after* Plaintiffs issued a discovery request specifically calling upon Defendants to produce any evidence of any such event or communication.  Defendants have produced absolutely nothing.  Given that failure, it is time for Defendants to stop invoking the possibility of such harm as the justification for any restrictions on how, or how publicly, this case is prosecuted.

Defendants' proposal is thus also insufficient because restrictions on the public handling of evidence can only be imposed for "good cause," but Defendants have proffered no reason why the restrictions they want need to be imposed. "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). "The party seeking a protective order 'must still sustain the burden of proving that good cause exists for a protective order … [Citation.] Indeed, broad allegations of harm unsubstantiated by specific examples will not suffice to justify the issuance or modification of a protective order.'" *Alexander v. FBI*, 186 F.R.D. 54, 57-58 (D.D.C. 1998). "[I]mportantly, the fact that public disclosure of discovery materials will cause some annoyance or embarrassment is not sufficient to warrant a protective order; the annoyance or embarrassment must be particularly serious." *Davis v. Prince,* 753 F. Supp. 2d at 567.

Finally, the Defendants have taken the outlandish position that the names of the people involved in the acts at issue in this case – even parties – may be treated as confidential:  Defendants' proposed language does provide that the names of parties would not need to be redacted from court filings, but for all other purposes, however, names of both parties and non-parties would be confidential.   This would impede Plaintiffs, for example, as they gather evidence and interview potentially knowledgeable witnesses.  There is no conceivable basis for any such restriction.

Particularly in light of their failure to proffer any evidence of any actual harassment, threats or harm, even after being asked to provide it, Defendants have not shown good cause to withhold the name of *any* person involved in the case.

In all cases and especially in this case, which concerns the public actions of a Congressionally chartered corporation, evidence and all filings are presumptively public.  Defendants have provided no reason why that presumption should be altered in any way other than the very focused restrictions to which Plaintiffs have agreed.

/s/ Jennifer Gross
Kenneth Marcus, Esq. #437391
Jennifer Gross, Esq. #1003811
THE LOUIS D. BRANDEIS CENTER FOR
HUMAN RIGHTS UNDER LAW
1717 Pennsylvania Avenue, N.W.,
Suite 1025
Washington, D.C. 20006-4623
(202) 559-9296

L. Rachel Lerman, Esq.
(admitted *pro hac vice*)
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3871
rlerman@btlaw.com

Jerome M. Marcus, Esq.
(admitted *pro hac vice*)
Jonathan Auerbach, Esq.
(admitted *pro hac vice*)
MARCUS & AUERBACH LLP
1121 N. Bethlehem Pike, Suite 60-242
Spring House, PA 19477
(215) 885-2250
jmarcus@marcusauerbach.com
auerbach@marcusauerbach.com

/s/ John J. Hathway
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Jeffrey C. Seaman, Esq. #466509
WHITEFORD, TAYLOR & PRESTON L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com
jseaman@wtplaw.com

*Attorneys for Defendants*

7

klmarcus@brandeiscenter.com
jenniegross@brandeiscenter.com

*Attorneys for Plaintiffs*

#2104012