# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SIMON BRONNER, *et al.*,           :
                                           :

       Plaintiffs,              :       Civil Action No.:    16-0740 (RC)
                                             :

       v.                         :
                                           :

LISA DUGGAN, *et al.*,            :
                                           :

       Defendants.           :

## PROTECTIVE ORDER

The Parties, Plaintiffs Simon Bronner, Michael Rockland, Charles D. Kupfer, and

Michael L. Barton ("Plaintiffs" and Defendants Lisa Duggan, Curtis Marez, Avery Gordon,

Neverti Tadiar, Sunaina Maira, Chandan Reddy, and the American Studies Association

("Defendants") (collectively, together with Plaintiffs, the "Parties"), having been unable to agree

upon a Protective Order, the Court **ORDERS** as follows:[1]

      1.      Any document or information not known to the general public that is produced in

this proceeding and that the producing party reasonably deems in good faith to incorporate

Confidential information:

              a.      information that is reasonably likely to result in harassment, threats or

harm to individuals if publicly disclosed; or

              b.      personally identifiable information ("PII") (including social security

numbers, email addresses, home addresses, and telephone numbers, but not including names); or

---

[1] This Order governs all pretrial procedures.  Trial procedures concerning Confidential information, if necessary, will be dealt with at the Pretrial Conference.

c.      the salaries, benefits, or bonuses of American Studies Association ("ASA") employees; or

d.      the names of individual persons (but not associations or other entities other than individual persons) who have made financial contributions to the ASA, whether oral or written, including the terms thereof, may be designated by the producing party as "CONFIDENTIAL."

2.      The designation of any document or information as "CONFIDENTIAL" shall not be taken as a determination or admission by the receiving party that such information is in fact protectable as confidential information, subject matter or otherwise subject to privacy concerns. The designation of any document or information as being "CONFIDENTIAL" does not alter or enhance the nature of that information or its confidentiality or create any presumption of any confidentiality. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time of receipt of such information, and a failure to do so shall not preclude a subsequent challenge to the propriety of the designation.

3.      Persons who, by virtue of the conduct of this litigation, have or obtain knowledge of the documents or information designated "CONFIDENTIAL" shall not suffer or permit its disclosure or any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information, nor use such information for any purpose except for this litigation and any appeals thereof, unless and until such designation is removed either by stipulation of counsel for the parties or by order of the Court.

4.      Notwithstanding any other terms in this Protective Order, it is expressly understood that the PII of any party or nonparty, including email addresses, home addresses,

telephone numbers, and employers, but not including names, are automatically deemed

"CONFIDENTIAL" under this Protective Order and need not be separately designated or

marked "CONFIDENTIAL."

5.      Nothing in this Protective Order shall prevent disclosure of protected material if:

a.      the producing party waives, in writing or on the record of this action, the

claim of confidentiality of such document or information pursuant to this Order; or

b.   a Court enters an order declaring the material not to be "CONFIDENTIAL."

6.      Notwithstanding any challenge by a receiving party to the designation of

material as "CONFIDENTIAL," all documents or information so designated shall be treated as

such and shall be subject to the provisions hereof unless and until one of the following occurs:

a.      the designating party withdraws its "CONFIDENTIAL" designation in

writing; or

b.      the Court enters an Order declaring the material not to be

"CONFIDENTIAL."

7.       Any documents or information designated as "CONFIDENTIAL" shall not be

made available or disclosed to any person(s) other than those Qualified Persons included in

Paragraph 8.

8.   "Qualified Persons," as used herein, means:

a.      attorneys for the parties in this proceeding, and paralegals, secretaries or

necessary clerical assistants working under the supervision of such attorneys to whom it is

necessary that the material be disclosed for purposes of this proceeding;

b.      the original author(s) and recipient(s) of CONFIDENTIAL documents or

information, if applicable;

3

c.      the Court, Court personnel, court reporters, and stenographic reporters and/or video operators at depositions taken in this action; and

d.   testifying and non-testifying experts.

9.      The procedures by which documents or information shall be designated confidential pursuant to the terms of this Protective Order are as follows:

a.      Any Party may designate as "CONFIDENTIAL" any documents previously produced in this action within forty-five days of the execution of this Order. Any documents produced subsequent to this Order may be marked "Confidential" at the time of the production or within thirty days thereafter.

b.      Documents, including discovery responses, shall be so designated by affixation of the legend "CONFIDENTIAL," or words to substantially similar effect, upon each page as appropriate in a manner that does not obscure the content of the page. In lieu of marking the original of documents, the party may orally advise opposing counsel of the confidential status of the documents and mark the copies that are produced or exchanged with the appropriate legend. Stamping such legend on the cover of any multipage document shall so designate all pages of such document, unless otherwise indicated by the producing party.

c.      Information disclosed at a deposition may be designated as "CONFIDENTIAL" by either (i) indicating on the record at the deposition that the testimony is "CONFIDENTIAL" and subject to the provisions of this Order or (ii) by notifying the opposing party in writing, within fourteen (14) business days of the receipt of the transcript, of those pages and lines that are "CONFIDENTIAL." No transcript of a deposition may be read by anyone other than Qualified Persons and the deponent during said fourteen-day period. Upon being informed that certain portions of a deposition contain "CONFIDENTIAL" information; each

party must cause each transcript in its custody or control to be so marked immediately. In the event a Party needs to file any portion of a deposition transcript with the Court within the fourteen day period such Party shall give notice two days in advance of any such filing and identify what portions of the transcript are to be filed or will file the document under seal. Transcripts or portions of transcripts designated as "CONFIDENTIAL" may be disclosed to "Qualified Persons." Information disclosed at a deposition that is not designated as "CONFIDENTIAL" under the procedures set forth above shall not thereafter be designated as "CONFIDENTIAL," except as provided in Paragraph 9.a.

10.     Any document, response to an interrogatory, request for admission, or deposition transcript filed with the Court and which contains "CONFIDENTIAL" information, or any pleading, motion or brief filed with the Court containing or disclosing "CONFIDENTIAL" information shall be filed with the Court in a sealed, opaque envelope or container including on the outside thereof the case caption, case number and a notification that the contents are subject to a protective order, and the envelope or container is not to be opened except upon further order of the Court. Such notification shall be substantially in the following form:

"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

This envelope (or container) contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential material and are filed under seal."

Such notification shall also be included on any courtesy copies delivered to chambers.  Within five days of filing such information with the Court under seal, a public version with the "CONFIDENTIAL" information redacted must be filed on the public record.

11.     Any "CONFIDENTIAL" information shall be disclosed solely for the purposes of this litigation, and the information thus disclosed shall not be used for any other purpose.

12.     Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to make any other type of objection, claim or other response.

13.     All provisions of this Order restricting the communication or use of documents and information designated "CONFIDENTIAL" shall continue to be binding after the conclusion of this action, unless otherwise agreed and ordered. Further, within sixty days after the final disposition of this civil action or any appeal resulting from this action, any Party possessing documents and copies produced by another Party and designated "CONFIDENTIAL" shall return all documents so designated to counsel for the producing Party, or confirm in writing that all such documents have been destroyed.

14.     This Protective Order shall be without prejudice to the right of the parties to request additional protection under the Federal Rules, pertaining to discovery requests made hereafter by any party.

15.     In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other legal process or request seeking disclosure or production of any document or information received by that person or entity in this action and designated as "CONFIDENTIAL," such entity or person shall give immediate written notice of such request to all parties and provide a copy of such request, subpoena or process to all parties and shall inform the entity or person issuing or seeking a court to issue such subpoena, civil investigative demand

or other request that the information and/or documents sought are "CONFIDENTIAL" and subject to this protective order.

16.     If the producing party has cause to believe that a violation of this Protective Order has occurred or is about to occur, the producing party has the right to apply to this Court for appropriate relief.

17.     The parties are hereby bound by this Protective Order.

18.     In the event that counsel for any party withdraws or is dismissed from representation in this action, said counsel shall continue to be bound by this Protective Order.

19.     The entry of this Protective Order shall be without prejudice to any party's right to question before the Court, by appropriate motion after a good faith attempt to informally resolve the dispute with the opposing party, the basis for any confidentiality designation or claim, and on any such motion the entry into this Stipulation shall not be considered to weigh in favor of or against the granting of such a motion.

20.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing discovery material. Except as set forth herein, this Protective Order does not preclude, limit, restrict or otherwise apply to the use of documents or testimony at trial.

Dated:  October 4, 2017                                RUDOLPH CONTRERAS
                                                       United States District Judge