IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al.,<br><br>    Plaintiffs,<br><br>and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION,<br><br>    Derivative Plaintiff,<br><br>v.<br><br>LISA DUGGAN, et al.,<br><br>    Defendants. | Case No: 1:16-cv-00740-RC |

**OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO ADD PARTIES**

The Plaintiffs move at the eleventh hour for additional time to add as Defendants persons whom the *Plaintiffs said they would name as Defendants nearly two months ago.* Thus, the explanation in their Motion – blaming their delay on Defendants – is pretext. The Motion should be denied.

In considering the request for additional time, the Court should be advised that nearly two months ago, on September 12, during a meet and confer requested by the Plaintiffs in regards to a Motion to Amend their Complaint (see email of September 11, 2017, **Exhibit A**),[1] Plaintiffs advised the Defendants they were going to add two additional persons as Defendants, Jasbir Puar and J. Kehaulani Kauanui. At no time

---

[1] The Plaintiffs had once previously amended their Complaint.

during that meet and confer did Plaintiffs indicate that they needed any additional information to enable them to add Ms. Puar and Ms. Kauanui as parties. Then, in a telephone call on November 2, after Plaintiffs had filed the current Motion, Plaintiffs confirmed that these two individuals, Jasbir Puar and J. Kehaulani Kauanui are the individuals whom they intend to add as Defendants.  Plaintiffs claim they need additional time because of some delay by Defendants is thus belied.  Indeed, Plaintiffs argue that they received numerous documents on October 17 that they have had little time to review.  However, that was more than a month after they had announced that they were going to move to amend the Complaint to add these very same individuals.

Even putting aside that the Plaintiffs announced their intention nearly two months ago to name these two individuals, they have known of these individuals for a much longer time.  For example, Ms. Kauanui was identified in the initial Complaint filed over a year and a half ago.  Her role was described in the Complaint thus:

    i.    J. Kehaulani Kauanui was a councilmember of the ASA at the time of the adoption of the Boycott Resolution and whole-hearted supporter of that resolution. She is an advisory board member of the U.S. Campaign for the Academic and Cultural Boycott of Israel (USACBI), "a U.S. campaign focused on a boycott of Israeli academic and cultural institutions, responding to the call of Palestinian civil society to join the Boycott, Divestment, and Sanctions movement against Israel." (http://www.usacbi.org.) She has been quoted as stating that the decision by the American Anthropological Association to put an Israel boycott resolution to a full membership vote was "a huge win for keeping both Palestine and academic boycott on the table within the association." Alex Kane, *The Year Ahead in Academic Boycotts of Israel*, Mondoweiss (Jan. 6, 2015), http://mondoweiss.net/2015/01/academic-boycotts-israel/#sthash.1nnpNWkc.dpuf.

Complaint, ¶69. In addition, Ms. Puar was identified in Plaintiff's initial disclosures filed on (see **Exhibit B**). She was also the subject of one of the Plaintiff's request for documents, served several months ago (see **Exhibit C**).

    Further, adding these persons as Defendants at this late date would be (a) futile, considering that the Resolution at issue in this case was passed in December 2013, more than three years ago, and (b) would unnecessarily delay the case and run up expenses, to the prejudice of the existing Defendants. In addition, any new parties would need to evaluate whatever claims were being made against them, file any necessary motions, and, potentially, engage in discovery themselves.[2]

    For the preceding reasons, the Motion should be denied.

---

[2] Defendants also question the extent to which it is necessary to add yet more individuals as Defendants in litigation that concerns a resolution by a non-profit academic entity. There are already six Defendants in this case, five of whom are individuals. It has been Defendants' position all along that one of Plaintiffs' primary motives is to punish and thus deter through litigation individuals they believe to be associated with the boycott of Israeli academic institutions.

Respectfully submitted,

/s/
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com

Jeff C. Seaman, Esq. #466509
Whiteford, Taylor & Preston L.L.P.
7501 Wisconsin Avenue
Suite 700W
Bethesda, MD 20816
(301) 804-3610
jseaman@wtplaw.com

*2105521*