IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, and THE AMERICAN STUDIES ASSOCIATION<br><br>Defendants. | Civil Action No. 16-cv-00740-RC |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Simon Bronner, Michael Rockland, Charles D. Kupfer, and Michael L. Barton (collectively, "Plaintiffs") respectfully move this Court for leave to file a Second Amended Complaint.[1]  The new complaint sets forth direct claims for breach of the fiduciary duty, including material misrepresentation and omissions in connection with elections, improper manipulation of the corporate machinery to deprive the members of the American Studies Association of a full and fair vote, and misappropriation and misuse of assets.  The new complaint also presents new claims for breach of contract and *ultra vires* acts in violation of specific bylaws of the American Studies Association ("the ASA"), and names four new Defendants:  Jasbir Puar, J. Kehaulani

---

[1] Plaintiffs' proposed Second Amended Complaint is attached as Exhibit A to this Motion.

Kauanui, Steven Salaita, and John Stephens, the Executive Director of the ASA (collectively, "New Defendants").

New Defendants Puar, Kauanui, and Salaita are members of the Organizing Committee and/or Advisory Committee of the US Campaign for the Academic and Cultural Boycott of Israel ("USACBI"), as are current Defendants Neferti Tadiar and Sunaina Maira ("the USACBI Defendants").

This Court's Memorandum Opinion of March 31, 2017 respecting defendants' motion to dismiss the First Amended Complaint noted that the pleading contained "the idea that Individual Defendants hijacked the ASA for the improper purpose of turning it into a social justice organization," but further noted that "[t]his alleged hijacking is not a discrete cause of action[.]" (Opinion at 29 n.8) The Proposed Second Amended Complaint pleads discrete counts and detailed factual allegations about how the USACBI Defendants, in furtherance of USACBI and their personal interests, gained and abused positions of trust within the ASA through deception and misrepresentation, and how, once in positions of leadership at the ASA, the Defendants orchestrated improperly manipulated the corporate machinery, violated the ASA Constitution and bylaws, and misappropriated the ASA's assets to advance the USACBI agenda through the adoption of an academic boycott of Israel.

Supported by substantial factual detail, in large part uncovered in documents produced by the Defendants in the past three weeks, the Second Amended Complaint sets forth the following new claims:

- Breach of the fiduciary duties through material misrepresentations and omissions in connection with elections, including, *inter alia*, covertly packing the ASA

National Council with USACBI members, and intentionally withholding information material to ASA members voting in ASA elections;

- Breach of fiduciary duties through disloyal violations of organic provisions specified below and misappropriation and misuse of assets of the ASA, including depletion of the Association Trust and Development Fund ("Trust Fund");

- Breach of contract and *ultra vires* activity for violation of the ASA Constitution and bylaws requiring that nominees for ASA President and positions on the National Council "shall be representative of the diversity of the membership" (ASA Constitution as it read in 2013 ("2013 Const."), art. VI, § 2.), thereby packing the ASA National Council with USACBI members, a scheme explicitly discussed in Defendants' own documents, including emails from and referring to New Defendant Jasbir Puar, who served on the ASA's Nominating Committee;

- Breach of contract and *ultra vires* activity for freezing the membership rolls of the ASA immediately before announcing that the membership would vote on a proposed resolution to boycott Israeli academic institutions ("the Boycott Resolution" or "the Resolution"), with the specific intent to prevent members opposed to the Resolution from casting votes, and on the basis of an assessment that the day chosen for the freeze would maximize the number of votes for the Resolution, and minimize the number against, in violation of the bylaws requiring the immediate reactivation of membership upon payments of dues (2013 ASA Const., art. 2, § 2), a scheme explicitly discussed in Defendants' own documents;

- Breach of contract and *ultra vires* activity for spending a substantial part of the ASA's activities attempting to influence legislation, in violation of the ASA's Statement of Election to Accept of the ASA, ¶ 3, § 4.[2]

These new claims are brought in addition to the currently pending claims for breach of contract, breach of the D.C. Nonprofit Corporations Act, and corporate waste.

## I.     BACKGROUND

The First Amended Complaint in this case was filed on June 23, 2016.  (Dkt. 19.) Discovery in this case began on April 26, 2017.  (Scheduling Order of Apr. 26, 2017, Dkt. 32.)

Plaintiffs served Defendants with Requests for Production of Documents ("Plaintiffs' RFPs") on May 30, 2017, but Defendants initially failed to produce documents, to discuss the production of documents, or to work with Plaintiffs on a detailed discovery plan and ESI protocol.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, production of documents responsive to Plaintiffs' RFPs were due on June 29, 2017.  When the day arrived, Defendant ASA served nothing but a written response consisting only of boilerplate, cut-and-paste, general objections to every request.  No documents were produced.  The other Defendants failed to respond at all.

As the Court is aware, the parties have engaged the Court three times.  The first time, the Court ordered Defendants to make their production by July 28, 2017.  (Minute Order, July 20, 2017.)  Only Defendant ASA produced any documents by July 28, and that production was just a

---

[2]  This Court held that the *ultra vires* claim pled in the Active Complaint was deficient because it did not identify any specific legislation for which Defendants had advocated.  (Memorandum Opinion of Mar. 31, 2017, at 33, "Plaintiffs have not pointed to any existing, proposed, or pending legislation that the ASA may have been targeting with the resolution.) (Dkt. 33.) The Proposed Second Amended Complaint provides the detail the Court found lacking

small fraction of ASA's responsive documents: only 54 documents produced, about 7% of Defendant ASA's responsive documents, based on the amount produced as of today.

By order of the Court, the parties then met and conferred on a new discovery schedule, extending deadlines to account for the discovery delay. Defendants agreed to complete their production by August 31, 2017. They were a day late, and more than a dollar short. By the end of August 31, Defendants had produced a cumulative total of 201 documents.

On September 1, 2017, Defendants produced about 5,000 documents, but it was clear that certain Defendants' productions were woefully inadequate. We previously briefed these inadequacies, particularly with respect to Defendant Sunaina Maira, as well as Defendants Curtis Marez, Neferti Tadiar, and Avery Gordon. (See Joint Status Report of Sep. 7, 2017 at 2, Dkt. 48.) Moreover, an uncertain number of documents specifically requested in Plaintiffs' RFPs were not produced on the basis of objections that the parties could not resolve. Critical documents, from Plaintiffs' point of view, that were withheld include Defendants' Form 990s, documents pertaining to changes in the ASA Bylaws, documents pertaining to other resolutions adopted by the ASA, and documents pertaining to the Individual Defendants' involvement in other academic organizations where similar Boycott Resolutions were at issue.

At a status conference on October 3, 2017, the Court ordered Defendants to complete the production of Defendant Sunaina Maira's documents by October 16, 2017, and to produce the remainder of outstanding productions by the end of the month, including the documents of Chandan Reddy, which Defendants revealed, for the first time, they had not produced in full. The Court also ruled on many of the objections, requiring Defendants to produce the Form 990s, and to produce documents pertaining to the bylaws, for example.

Defendants produced 11,234 documents on October 17, suddenly more than ***tripling*** the number of documents produced, from 5,453 to 16,687. Plaintiffs' counsel has been reviewing documents vigorously, in order finalize the Plaintiffs' claims as quickly as possible.

Without these documents, originally due for production on June 29, Plaintiffs could not have known the breadth of the valid claims against Defendants, or the involvement of the New Defendants.

## II.     ARGUMENT

Plaintiffs' Second Amended Complaint accounts for the significant factual development since the Amended Complaint was filed based on Defendants' most recent production of documents. Through the course of discovery, new evidence has been disclosed by Defendants, making Plaintiffs aware of additional factual matters and legal theories in support of new direct claims against the ASA and the Individual Defendants and identify additional parties to be joined as Defendants.

Federal Rule of Civil Procedure 15(a)(2) provides that, ". . .a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The grant or denial of leave to amend lies with the sound discretion of the district court. *See Adams v. Quattlebaum,* 219 F.R.D. 195, 197 (D.D.C. Jan. 2, 2004); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. Feb. 16, 1996). The Court should grant leave to amend absent the showing of "undue delay, bad faith or dilatory motive on behalf of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The

opposing party bears the burden of proving a sufficient justification for denial. *In re Vitamin Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003).

It is "common ground that Rule 15 embodies a generally favorable policy towards amendments." *Hill v. United States DOD*, 70 F. Supp. 3d 17, 19 (D.D.C. Sept. 29, 2014; (*quoting Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136 (D.C. Cir. Apr. 7, 1989)); *see also Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. July 10, 2006). Additionally, this Court applies the liberal standard and "common ground" under Rule 15 and favors granting leave to amend. *See Adams*, 219 F.R.D. at 197 ("The court must, however, heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'"); *quoting Firestone v. Firestone*, 316 U.S. App. D.C.152, 76 F.3d 1205, 1208 (D.C. Cir. 1996); Foman *v. Davis*, 371 U.S. 178, 182 (1962).

> A. **The Court Should Grant Leave to Allow Plaintiffs' to File a Second Amended Complaint Because There is No Sufficient Justification for Denial.**

Plaintiffs' motion for leave to file a Second Amended Complaint is not unduly delayed and is filed in good faith. The proposed Second Amended Complaint is being filed as soon as possible after significant facts became apparent due to Defendants' additional production of documents. Further, by granting Plaintiffs' Motion for Leave to File a Second Amended Complaint, the record will reflect the new factual matters and the case will be decided based on all of the evidence.

Defendants will not suffer undue prejudice. Plaintiffs are submitting a timely Second Amended Complaint in response to Defendants' recent production of documents. This Court has held that "[u]ndue prejudice is not mere harm to the non-movant but a denial 'of the opportunity to present facts or evidence which [] would have [been] offered had the amendment[] been timely." *See Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248,

*quoting Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 1988 U.S. Dist. LEXIS 18522 at *16 (D.D.C. 1988); *see also City of Moundridge v. Exxon Mobil Corp.,* 250 F.R.D. 1, 6 (D.D.C. 2008). Given that the deadline for discovery has been extended, with the consent of both parties, pursuant to the Court's order of September 14, 2017, both parties have adequate time to gather facts, develop arguments, and respond to motions.

The Court in *Wright v. Herman*, 230 F.R.D. 1, 4 (D.D.C. 2005), provides, "an amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." Plaintiffs respectfully propose that granting a Second Amended Complaint will not be futile; it meets the standard defined in *Wright* by reflecting new facts, asserting new claims, and stating new legal theories that will withstand a Motion to Dismiss.

      **B.**      **The Court Should Grant Leave to Allow Plaintiffs' to File a Second Amended Complaint Because it is in the Interest of Justice.**

Plaintiffs' have met the standard to obtain leave to file a Second Amended Complaint under Federal Rule of Civil Procedure 15. Rule 15 states that a "court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). It is in the interest of justice to allow Plaintiffs' to file a Second Amended Complaint, because the Complaint rests on newly discovered evidence that that Plaintiffs could not have presented to the Court earlier. Subsequent to the First Amended Complaint, Plaintiffs have found additional factual matters that strongly support new and different direct claims and identify additional parties who are culpable and should be joined as defendants.

The attached Second Amended Complaint addresses the additional direct claims and the joining of new defendants. It is critical that Plaintiffs be allowed the opportunity to address the newly acquired discovery so that the case herein may be decided based on all the evidence.

### III. CONCLUSION

Plaintiffs conferred with Defendants and were informed that Defendants oppose this Motion. On November 1, 2017, Plaintiffs filed a Motion for Additional Time to Add Parties. (Dkt. 56.) Plaintiffs' Motion seeks a two-week extension to add parties, which would change the deadline from November 1, 2017 to November 15, 2017. Defendants filed an opposition to the Motion for Additional Time November 6, 2017. (Dkt. 58.) Plaintiffs will file a Reply to Defendants' Opposition on or before November 13, 2017.

For all the reasons discussed above, Plaintiffs request that the Court grant Plaintiff's Motion for Leave to File the Second Amended Complaint.

| | |
|---|---|
| Dated:  November 9, 2017 | Signed:      /s/*Jennifer Gross*          <br>                    Jennifer Gross |

Jerome M. Marcus (admitted *pro hac vice*)
Jonathan Auerbach (admitted *pro hac vice*)
**MARCUS & AUERBACH LLC**
1121 N. Bethlehem Pike, Suite 60-242
Spring House, PA 19477
(215) 885-2250
jmarcus@marcusauerbach.com
auerbach@marcusauerbach.com

*Lead Counsel for Plaintiffs*

Jennifer Gross, DC Bar No. 1003811
Aviva Vogelstein (admission to DDC pending, DC Bar No. 1024231)
**THE LOUIS D. BRANDEIS CENTER
    FOR HUMAN RIGHTS UNDER LAW**
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006-4623
(202) 559-9296
jenniegross@brandeiscenter.com
avogelst@brandeiscenter.com

L. Rachel Lerman (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3871
rlerman@btlaw.com

Joel Friedlander (*pro hac vice* pending)
**FRIEDLANDER & GORRIS, P.A**.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3502
jfriedlander@friedlandergorris.com

Scott Godes, DC Bar No. 463674
Devin Stone, DC Bar No. 1022055
**BARNES & THORNBURG LLP**
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-4623
(202) 408-6928
sgodes@btlaw.com
dstone@btlaw.com

Eric D. Roiter (*pro hac vice* pending)
Lecturer in Law
**BOSTON UNIVERSITY SCHOOL OF LAW**
765 Commonwealth Avenue
Boston, MA  02215
(617) 734-8266
eroiter@bu.edu

*Counsel for Plaintiffs*