IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al., <br><br> Plaintiffs, <br><br> and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION, <br><br> Derivative Plaintiff, <br><br> v. <br><br> LISA DUGGAN, et al., <br><br> Defendants. | Case No: 1:16-cv-00740-RC |

**RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A MOTION FOR AN ORDER SPECIFYING
THE TIMING OF DEPOSITIONS AND RELATED
MODIFICATIONS TO THE SCHEDULING ORDER**

There is no question that discovery should be extended; the only difference between the sides is the manner in which to address that need. The Plaintiffs could have obtained the relief they seek through a joint motion, but chose not to do so.

The need for some extension is clear. Currently pending are Defendants' Motion for Judgment on the Pleadings and Plaintiffs' Motion for Leave to Amend the Complaint, both of which could have an impact on the scope of discovery in this litigation. Thus, as the litigation currently stands, it is premature to hold any depositions. If the Court were to grant Defendants' Motion for Judgment on the Pleadings, the scope of the discovery would be further limited. If the Court were to

grant the Plaintiff's Motion for Leave to File a Second Amended Complaint, not only would the scope of relevant inquiry be expanded (as would the expense of conducting the additional discovery and litigating the new claims), but additional parties would be added to the lawsuit, all of whom would have the right to attend and participate in any depositions. Too, the discovery process has been protracted by the volume of electronic data that Plaintiffs have requested. In all, there is little question that an extension of discovery is a good idea.

Although Defendants continued to believe that any request to extend the discovery deadlines was premature, in the spirit of cooperation fostered by the discovery Rules and because it was reasonable to do, Defendants agreed to a motion to extend discovery by 60 days. Defense counsel also agreed to the additional, contingent ten-week extension, and confirmed that by e-mail (*see* Plaintiff's Exhibit 1). [1]

Defendants maintain, however, that the ten-week contingency should not have been included in any filing with this Court, for three reasons. First, Defendants see it is disrespectful to the Court – essentially, it suggests the parties are imposing upon the Court a deadline for ruling on the Motions, without regard to the realities of the Court's docket. Second, the potential need for additional time for discovery was dependent upon how the Court might rule on the Motions; based upon the Court's ruling, the necessary discovery period could be less or greater than 10 weeks. Third, defense

---

[1] Plaintiffs represented to the Court that the Defendants refused to agree to any extension of discovery [Motion, Doc. 71, p. 2]. This is simply not the case. The Defendants realized that such an extension might become necessary, but believed when Plaintiffs began attempting to schedule depositions in December that a specific request for an extension was premature.

counsel had agreed, in writing, to join a motion for an additional extension, as set forth above.

In sum, Defendants' position is that: (1) a 60-day extension of discovery is consented to, and appears to be necessary given the parties' positions at the moment; (2) depositions should be stayed until such time as it is clear what Defendants and what parties are in this case); and (3) Defendants have agreed to request, with the Plaintiffs, an additional 10-week extension of discovery if the Court has not ruled on the pending Motions by February 1.

In other words, the Defendants have consented to the relief requested. But Defendants' counsel believed, for reasons mentioned above, that insertion of a term that suggested a timeline for the Court's ruling was discourteous and unnecessary, and hoped that the Plaintiffs would agree to remove it for that reason (this hope was repeatedly expressed to Plaintiffs' counsel; see **Exhibit A**, email from Defense counsel to Plaintiffs' counsel, January 3, 2018).  Regarding the latter point, it appears that the Plaintiffs were attempting to use the Defendants' cooperation in that regard to some strategic advantage.  Plaintiffs could have filed this as a joint motion, and they would not have been prejudiced in any way.  Instead, they insisted on including the contingent agreement, which Defendants did not believe was appropriate to insert into the Motion.

Respectfully submitted,

/s/
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com

Jeff C. Seaman, Esq. #466509
Whiteford, Taylor & Preston L.L.P.
7501 Wisconsin Avenue
Suite 700W
Bethesda, MD 20816
(301) 804-3610
jseaman@wtplaw.com