## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIMON BRONNER, et al.,

     Plaintiffs,

and SIMON BRONNER,
DERIVATIVELY ON BEHALF OF
NOMINAL DEFENDANT, THE
AMERICAN STUDIES ASSOCIATION,

     Derivative Plaintiff,

v.

LISA DUGGAN, et al.,

     Defendants.

Case No: 1:16-cv-00740-RC

---

## DEFENDANT SUNAINA MAIRA'S AMENDED RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Sunaina Maira, by and through undersigned counsel, and provides the following responses to Plaintiffs' Request for Production of Documents.

### GENERAL OBJECTIONS

(1)    Defendant objects to all instructions and requests to the extent they seek to expand the scope and obligations of discovery beyond that provided for the Federal Rules of Civil Procedure, the local rules of the United States District Court for the District of Columbia, or orders of this Court.

(2)    Defendant objects to these requests to the extent they seek information obtainable from some other source that is more convenient, less burdensome or less expensive, or the burden or expense of responding to the request outweighs the likely

benefit derived from responding to the request. Defendant further objects to these requests to the extent the information requested is not reasonably accessible because of undue burden or cost.

(3)     Defendant objects to each request to the extent that it is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege.

(4)     Defendant objects to those requests to the extent that they seek to pry into the personal and private beliefs, associations and documents of the individual Defendants to determine whether they have any bias for the Resolution or set beliefs towards Israel, or to the extent the requests seek information about specific members of the ASA or whether such persons were sympathetic to the Resolution or to boycotts of Israel. Such requests seek personal information and are clearly intended to attack the personal beliefs and associations of individual members of the Association in violation of the First Amendment, and are not relevant or proportionate to the claims in the case and amount to annoyance, embarrassment or oppression.

(5)     Defendant objects to requests for production or identification of "all" documents, information or persons which may be related to a specific point or points as being unduly burdensome, overly broad, not within the practical capabilities of the Defendant, and beyond the requirements of the applicable Rules. In each case where production is provided, such production is based upon a reasonable directed search through the records of the Defendant. Defendant has not undertaken or completed

review of every document it retains and objects to any purported requirement that it do so.

(6)     The general objections are incorporated into these responses and are set forth here to avoid the duplication and repetition of restating them for each request. The absence of a reference to a general objection in response to a particular request does not constitute a waiver of any general objection with respect to that request.

(7)     The Defendant reserves the right to amend or supplement these responses as discovery is ongoing.

These Responses have been prepared with the assistance of counsel.  Therefore, exact word choice of a Response may not be the exact word choice of the answering party.

## RESPONSES

REQUEST NO. 1:    Defendant ASA's IRS Forms 990, including all supporting forms and schedules, for the past 15 fiscal years (beginning with the fiscal year ending in June 2001 and ending with the fiscal year ending in June 2016, hereinafter "15 Fiscal Years").

RESPONSE: Objection to the extent the request is over broad, unduly burdensome, not relevant, and not proportionate to the needs of the case in that it seeks IRS Forms 990, including all supporting forms and schedules for the past 15 fiscal years when the subject matter of this case is a Resolution which took place in 2013.  Notwithstanding this objection, Defendant does not maintain such information and understands the ASA has provided responsive information.

REQUEST NO. 2:    All documents reflecting, reporting, summarizing, or otherwise pertaining to revenue received by Defendant ASA for each of the 15 Fiscal Years, respectively, and the current fiscal year, including but not limited to:

a. documents pertaining to membership dues paid to Defendant ASA, including, but not limited to, all documents pertaining to the claim that "membership dues of ASA members has averaged $260,000 over the past 15 years," (Stephens Decl. ¶3)

b. documents pertaining to contributions, gifts, grants, or donations to Defendant ASA

c. documents pertaining to revenue related to sale of admittance to the annual meeting

d. documents pertaining to all other sources of revenue

RESPONSE: Objection to the extent the request is over broad, unduly burdensome, not relevant, and not proportionate to the needs in that it seeks all documents pertaining to any revenue whatsoever received by ASA for the last fiscal years when the subject matter of this case is a Resolution which took place in 2013. Notwithstanding this objection, Defendant does not maintain such information and understands the ASA has provided responsive information. Without waiving the objections, none.

REQUEST NO. 3:   All documents pertaining to costs related to the Resolution, including but not limited to advocacy for the Resolution, administering the vote on the Resolution, preparing for the vote on the Resolution, and continuing support for the resolution.

RESPONSE: Objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims.   Notwithstanding this objection, Defendant does not maintain such information and understands the ASA has provided responsive information. Further, any related information in this Defendant's possession would be duplicative of that produced by ASA. Nonetheless, and without waiving any objections, none.

REQUEST NO. 4:    All documents pertaining to any payments made by or on behalf of ASA or any of the Defendants, for products or services related to the passage and enforcement of the Resolution.

RESPONSE:  Objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims.  Without waiving that objection, such documents have been produced.   Further objection to the "enforcement of the Resolution" part of the request as containing a false predicate.  ASA does not enforce resolutions.

REQUEST NO. 5:    All documents pertaining to fundraising, including, but not limited to, communications to potential donors.

RESPONSE:  Objection to the extent the request is over broad, unduly burdensome, not relevant, and not proportionate to the needs of the case in that it is unlimited in time and scope and would encompass any "fundraising" ever conducted by ASA whether or not related to the Resolution.  Without waiving that objection, none.

REQUEST NO. 6:    All documents pertaining to all contributions, at any time, to Defendant ASA that you claim were specifically designated to cover costs associated with the Resolution including but not limited to communications with donors reflecting the intended purpose of the contribution(s).

RESPONSE:  Objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims. Without waiving that objection, none.

REQUEST NO. 7:    All documents pertaining to the employment of a media strategist and a public relations consultant, including but not limited to:

      a.     invoices, resumes, contracts, and employment agreements

      b.     communications with the media strategist and public relations consultant

      c.     documents pertaining to the tasks, assignments, and work product associated with the employment of the media strategist and public relations consultant

    d.    documents pertaining to the continued employment or the termination of the strategist's and the consultant's services

    e.    documents pertaining to the decision to pay the media strategist and the public relations consultant with contributed funds specifically designated to cover costs related to the Resolution

RESPONSE:  Objection to the extent the request is over broad, unduly burdensome, not relevant, and not proportionate to the needs of the case in that is it is unlimited in time and scope and thus seeks information unrelated to the Resolution at issue and objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims.    Without waiving the objection, none.

REQUEST NO. 8:    All documents pertaining to travel grants to pay for persons to attend the 2014 annual meeting, including but not limited to documents pertaining to the decision to offer such grants and documents pertaining to the selection of grantees.

RESPONSE:  Objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims.  Further, any related information in this Defendant's possession would be duplicative of that produced by ASA. Without waiving the objections, none.

REQUEST NO. 9:    All documents pertaining to your allegation of "attacks on ASA because of the Resolution" (Stephens Decl. ¶9) and "attacks" on any person – student, scholar, professor, or other – for their "speech, actions, or support of" the Resolution (Stephens Decl. ¶¶ 12-13).

RESPONSE:  Any such responsive documents will be produced, subject to confidentiality of personally identifiable information or highly sensitive material.

REQUEST NO. 10:  All documents pertaining to the "harassment" of Defendants referenced by defense counsel in the parties' Joint Case Management Report at p. 5 ("In response to the Resolution that is at the heart of this case, the Defendants were subject to harassment, which the Defendants are prepared to address to the Court at the scheduling  conference or where otherwise appropriate").

RESPONSE:   Any such documents will be produced, subject to confidentiality of

personally identifiable information or highly sensitive material.

REQUEST NO. 11:  All documents related to the "Scholars Under Attack/Students
Under Attack" initiative, including but not limited:

     a.     documents pertaining to the two panels at the 2014 annual meeting, the
video exhibit, and any other activities, panels, product, or publications
provided, produced, written, or created by or through the "Scholars
Under Attack/Students Under Attack" initiative in fiscal year 2014
(ending June 2015)

     b.     documents pertaining to your claim that "Scholars Under
Attack/Students Under Attack" responds, discusses, or addresses "attacks
on the ASA" from the resolution (Stephens Decl. ¶ 12)

     c.     documents pertaining to activities, services, products, or publications
provided, produced, written, or created by or through "Scholars Under
Attack/Students Under Attack," and any similar initiative, for fiscal year
2015 (ending June 2016), fiscal year 2016 (ending June 2017) and the
current fiscal year

RESPONSE:   Objection to the extent such documents are not relevant in light of the

Court's ruling dismissing any derivative claims.  Without waiving that objection, none.

REQUEST NO. 12:   All documents pertaining to the attendance of Israelis at the 2014
annual meeting in Los Angeles, whether created before, during, or after the meeting.

RESPONSE:  Objection to the extent the request seeks information not relevant to the

issues in the case.  Without waiving that objection, none.

REQUEST NO. 13:  All documents pertaining to the number of people who paid to
attend the ASA annual meetings for each of the 15 Fiscal Years, respectively, and for the
meeting in 2016, including, but not limited to, documents reflecting the number of
student or discounted tickets sold and the number of full-price tickets sold.

RESPONSE:   Objection to the extent the request is over broad, unduly burdensome, not

relevant and not proportionate to the needs of the case in that it seeks documents

regarding the last 15 fiscal years of the meetings when this case concerns a Resolution

which took place in 2013. Notwithstanding this objection, Defendant does not maintain such information and understands the ASA has provided the responsive information. Further, any related information in this Defendant's possession would be duplicative of that produced by ASA. Without waiving any objections, none.

REQUEST NO. 14:  All other documents pertaining to the statement, "there has been no financial loss to ASA" (Stephens Decl. ¶ 3).

RESPONSE: Objection to the extent such documents are not relevant in light of the Court's ruling dismissing any derivative claims.  Notwithstanding this objection, Defendant does not maintain such information and understands the ASA has provided the responsive, non-privileged information. Further, any related information in this Defendants' possession would be duplicative of that produced by ASA.  Without waiving the objection, none.

REQUEST NO. 15:  All documents reflecting the number of paid members of ASA over time, for the 15 years and the current year, including but not limited to:

    a.    any summaries, graphs, or analyses of membership

    b.    documents reflecting the number of members at particular points in time

    c.    documents pertaining to the number of new members and documents pertaining to renewal of memberships

    d.    documents reflecting the number of members in each category of membership, e.g., student membership, full-price membership, lifetime membership

    e.    all membership lists.

RESPONSE: Objection to the extent the request is over broad, unduly burdensome, not relevant and not proportionate to the needs of the case in that it seeks documents regarding the last 15 fiscal years of meetings when this case concerns a Resolution

which took place in 2013.  Notwithstanding this objection, Defendant does not maintain

such information and understands the ASA has provided the responsive information.

Further, any related information in this Defendant's possession would be duplicative of

that produced by ASA.  Without waiving the objections, none.

REQUEST NO. 16:  All documents pertaining to resignation of ASA members, including but not limited to all documents pertaining to the reason(s) for resignation.

RESPONSE:  Objection to the extent the request is over broad, not relevant and not

proportionate to the needs of the case in that it is not limited in time or scope and

particularly considering that members join and allow their memberships to lapse for a

variety of reasons.  Notwithstanding that objection, none.

REQUEST NO. 17:  All documents pertaining to discussion of, consideration of, and voting on the Resolution by the National Council.

RESPONSE:    Such documents have been or will be produced.

REQUEST NO. 18:  All documents referring or relating to the Resolution, at any time prior to, during, or subsequent to the vote on the Resolution, including but not limited to:

  a.    documents issued to or circulated among the membership

  b.    documents posted on any website

  c.    documents otherwise published

  d.    drafts of any such documents, whether or not they were actually issued, circulated, posted, or otherwise published

  e.    documents pertaining to events conducted at the Annual Meeting relating to the Resolution, including but not limited to any notes, summaries, or recordings

  f.    listserv communications

  g.    letters, editorials, commentary, and any other statement of opinion on or discussion of the Resolution submitted to you or published in any form.

RESPONSE:   Objection to the extent the request is over broad in that it seeks every document in which the word Resolution appears regardless of whether the documents relate to the claims or defenses in this case.   Without waiving that objection, such relevant documents relating to the claims or defenses have been or will be produced.

REQUEST NO. 19:   All documents pertaining to the ASA vote on the Resolution, including but not limited to:

    a.      documents pertaining to process or procedure for voting on the Resolution

    b.      documents pertaining to the number or percentage of votes required to pass the Resolution and the quorum required for the Resolution to pass

    c.      documents reflecting the total number of votes recorded, the number of votes in favor of the resolutions, the number of votes against the resolution, and the total number of members at the time of the vote.

RESPONSE:   Such documents have been or will be produced.

REQUEST NO. 20:   All documents pertaining to Israel or the Territories, including but not limited to:

    a.      documents reflecting data and information pertaining to the restriction of academic freedom and academic activity by Israel, whether or not it was used as support for the Resolution

    b.      documents pertaining to the civil rights accorded to the Arab population of Israel or the Territories

RESPONSE:  Objection to the extent the request is over broad and it seeks every document in which the word Israel or Territories appears regardless of whether the documents relate to the claims or defenses in this case.  Without waiving that objection, any such relevant documents relating to the claims or defenses have been or will be produced.

<u>REQUEST NO. 21:</u>  All documents pertaining to any other resolution or public statement issued by ASA, or proposed for issuance, relating to a boycott, foreign affairs, public policy, or a social justice issue.

<u>RESPONSE:</u> Objection to the extent the request is over broad and not relevant regarding any statement on public policy, social justice issue or foreign affairs.  Without waiving that objection, documents referring to any resolutions or public statements issued by ASA since the year 2003 are available on ASA's website.  Also without waiving any objections, none.

<u>REQUEST NO. 22:</u>  All documents pertaining to any change in the ASA's constitution, bylaws, or other written policies, procedures, or protocols.

<u>RESPONSE:</u>  The bylaws were amended in March of 2016 and those current bylaws are available on ASA's website.  This Defendant understands that ASA has provided responsive documents and any documentation that Defendant would have would be duplicative of that produced by ASA.

<u>REQUEST NO. 23:</u>  All documents specifically pertaining to any of the Plaintiffs, including but not limited to:

    a.    communications with any of the Plaintiffs

    b.    documents specifically referencing any of the Plaintiffs

    c.    membership records maintained for each of the Plaintiffs

    d.    documents pertaining to the dues paid and any other financial contributions made by each of the Plaintiffs

    e.    documents pertaining to awards, recognitions, and contributions credited to any of the Plaintiffs.

<u>RESPONSE:</u> Objection to the extent that the request is over broad and seeks information neither relevant nor proportionate to the needs of the case in that it is not

limited in time or scope.  Without waiving that objection, any such documents from the 2012 – 2015 time period will be produced.

REQUEST NO. 24:   All documents pertaining to the right or ability of Plaintiff Barton to vote on the Resolution, including but not limited to:

  a.    documents pertaining to the status of his Plaintiff Barton's membership in the 12 months prior to the vote

  b.    documents pertaining to your claim that Plaintiff Barton was advised in January 2013 that he needed to be a member to vote on the Resolution (Answer ¶ 27).

RESPONSE:  None.

REQUEST NO. 25:   All documents pertaining to the "time period to be eligible to vote on the Resolution" referenced in Def's Amended Answer ¶ 8 (hereinafter, "Answer"), including but not limited to documents reflecting the date of the deadline to pay dues, and documents communicating that deadline to members.

RESPONSE:  Any such documents will be produced.

REQUEST NO. 26:   All documents pertaining to attempts or requests to vote by any other member who paid his or her dues after the conclusion of the 2013 Annual Meeting.

RESPONSE:  None.

REQUEST NO. 27:   All documents pertaining to a "technical error" (Answer ¶ 28) that allowed others to vote although they also paid their dues "after the time period to be eligible to vote on the Resolution," including but not limited to:

  a.    documents reflecting that those votes were or were not counted

  b.    documents communicating to members that their votes were or were not counted because they paid their dues "after the time period to be eligible to vote on the Resolution"

  c.    documents pertaining to the decision not to count those votes.

RESPONSE:   None.

REQUEST NO. 28:  All documents pertaining to your claim that Plaintiff Barton engaged in a "rant in which he expressed his hatred for those who put forth the resolution" (Answer ¶ 29).

RESPONSE:  None.

REQUEST NO. 29:  All documents pertaining to encouraging non-members (including but not limited to students) to join ASA.

RESPONSE: Object to the extent the request is over broad, not relevant and not

proportionate to the needs of the case in that it is not limited in time or scope.  Without

waiving that objection, none.

REQUEST NO. 30:  Documents pertaining to the nomination of individuals for positions as officers or on the National Council, including but not limited to any lists or other documents reflecting all persons nominated by any member, whether or not selected by the nominating committee as a candidate.

RESPONSE:  Objection to the extent the request is over broad, not relevant and not

proportionate to the needs of the case in that it is not limited in time or scope.  Without

waiving that objection, none.

REQUEST NO. 31:  Documents pertaining to the nomination or election of persons sympathetic to the Resolution or to boycotts of Israel generally for positions as officers or on the National Council of ASA or other academic associations.

RESPONSE:  Objection to the extent the request is over broad, not relevant and not

proportionate to the needs of the case in that it is not limited in time or scope.

Notwithstanding that objection, none.

REQUEST NO. 32:  Documents pertaining to the nomination of Jasbir Puar to the Nominating Committee, and to the nomination of all other members of the Nominating Committee subsequent to the nomination of Jasbir Puar.

RESPONSE:  Objection to the extent the request seeks documents not relevant and not

proportionate to the needs of the case and is not limited in time or scope.  Without

waiving that objection, none.

REQUEST NO. 33:  All documents pertaining to USACBI, including but not limited to documents received from USACBI, sent to USACBI, or created, edited, or circulated by

or on behalf of USACBI, the USACBI Organizing Committee, or the USACBI Advisory Committee, including but not limited to:

    a.    Documents pertaining to planning for, introducing, drafting, supporting, funding, voting processes for, or the adoption of the Resolution or a similar resolution at another academic association

    b.    Documents pertaining to encouraging, recommending, or recruiting new members to join ASA or any other organization where a boycott of Israel is being considered, expected to be introduced, or pending vote

    c.    Documents pertaining [sic] appointing members of USACBI to the ASA nominating committee, or the nominating committees of other academic associations

    d.    Documents pertaining to the nomination or election of members of USACBHI for positions as officers or on the National Council of ASA

    e.    Documents pertaining to the nomination or election of officers or council members or any other academic associations.

RESPONSE:   Objection to the extent the request is over broad in that it seeks every document in which the word USACBI appears regardless of whether the documents relate to the claims or defenses in this case.  Without waiving that objection, any such relevant documents relating to the claims or defenses will be produced.

REQUEST NO. 34:  Documents pertaining to the placement or election of USACBI members (or members sympathetic to the Resolution or boycotts of Israel generally) to positions on the ASA nominating committee, or the nominating committees of other academic associations.

RESPONSE:   Objection to the extent the request is over broad in that it seeks every document in which the word USACBI appears regardless of whether the documents related to the claims or defenses in this case.  Without waiving that objection, none.

REQUEST NO. 35:  Documents pertaining to the nomination or election of people who support or are likely to support the Resolution or similar boycott resolutions at ASA or other academic associations.

RESPONSE:   Objection to the extent the request seeks documents that are not relevant and not proportionate to the needs of the case in that it is not limited in time or scope, seeks information far beyond the issues in this case, and seeks information that would infringe upon First Amendment rights.  Without waiving that objection, none.

REQUEST NO. 36:   Documents pertaining to your involvement, or the involvement of any Defendant, in any other academic organization that is considering or has considered a resolution related to Israel or the Territories.

RESPONSE:  Objection, over broad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not proportionate to the needs of the case.  Further, objection on the grounds that the request seeks personal and confidential information, is violative of the First Amendment and constitutes harassment, annoyance and oppression.

Respectfully submitted,

_____
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com
Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this ___13___ day of

September, 2017, via electronic mail and first-class mail, postage prepaid, upon:

> Jerome M. Marcus, Esquire
> Jonathan Auerbach, Esquire
> Marcus & Auerbach LLC
> 1121 N. Bethlehem Pike
> Suite 60-242
> Spring House, PA  19477
> jmarcus@marcusauerbach.com
> auerbach@marcusauerbach.com
>
> Kenneth Marcus, Esq.
> Jennifer Gross, Esq.
> The Louis D. Brandeis Center for
>    Human Rights Under Law
> 1717 Pennsylvania Avenue, N.W., Suite 1025
> Washington, D.C. 20006-4623
> klmarcus@brandeiscenter.com
> jenniegross@brandeiscenter.com
>
> Scott Neal Godes, Esquire
> Devin J. Stone, Esquire
> Barnes & Thornburg LLP
> 1717 Pennsylvania Avenue, N.W., Suite 500
> Washington, D.C. 20006-4623
> sgodes@btlaw.com
> dstone@btlaw.com
>
> L. Rachel Lerman, Esquire
> 2029 Century Park East, Suite 300
> Los Angeles, CA 90067
> rlerman@btlaw.com
>
> Attorneys for Plaintiffs

_____
John J. Hathway

2103095