**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BRONNER, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, et al.,<br><br>       Defendants. | Case No: 1:16-cv-00740-RC |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE A MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The Plaintiffs' Motion for Leave to File a Motion to Compel Production of

Documents ("Motion for Leave") should be denied for two primary reasons.  First and

foremost, the Defendants had agreed, prior to the filing of the Motion for Leave, to

provide the documents that were the subject of Plaintiffs' discovery dispute

teleconference with chambers, making the Motion for Leave improper under the

Court's Scheduling Order [Document 32].  Second, the Plaintiffs' proposed motion

concerns many matters that they did not raise in the telephonic conference with

chambers, as required by the Scheduling Order. Plaintiffs had apparently decided to file

the Motion for Leave for some strategic reason, without regard to the Defendants'

concessions.  For these reasons, the Motion is inappropriate and unnecessary.

Procedurally, the matter before the Court is whether the Plaintiffs' Motion for

Leave should be granted, and thus the Defendants will refrain from addressing the

numerous conclusory, unsupported and simply inaccurate assertions in the proposed

Motion to Compel.  The pivotal point now is that the Motion for Leave is premature

and inconsistent with the Court's Scheduling Order.

Although there is no question that the parties have had a dispute about

document production and about the technology-assisted review (TAR) process

employed in the second production of documents from Defendants Maira and Marez, it

is also the case that the Defendants had, prior to the filing of the instant motion, offered

to provide that information that the Plaintiffs had sought in the parties' conference and

other communications about the dispute (see attached Exhibits, emails between counsel

concerning Plaintiffs' demands for documents relating to the reliability of the TAR

process).  Plaintiffs have neglected to inform the Court of this salient fact, but decided

again to give short shrift to the Local Rules and to file another unnecessary motion.[1]

Defendants engaged in the good faith effort to confer and resolve the dispute

contemplated by Rule 37(a) and L.Civ.R. 7(m).  The Plaintiffs had identified documents

that they sought to avoid a motion; the Defendant agreed to provide those documents,

in addition to the many already produced. In this regard, it is worth noting that the

Defendants are individual volunteers and a non-profit association who have thus far

expended tremendous resources defending this case and who have between them

already produced over 26,000 documents.  The Defendants' agreement to provide the

---

[1]  For another example of an unnecessary contested motion, see Plaintiffs' recent "Motion for an Order Specifying the Timing of Depositions and Other Modifications to the Scheduling Order" [Document 71], as well as Defendants' Response thereto [Document 72]. As explained in the Response, Defendants had previously agreed to the relief Plaintiffs had requested.  Plaintiffs filed the motion anyway.

additional documents notwithstanding, the Plaintiffs nonetheless moved ahead with

motions practice, alleging that the Defendants have refused to provide documents.  The

Motion is thus inaccurate, in addition to being premature.


## Summary of Dispute

The dispute that was the subject of the Plaintiffs' call to chambers concerned the

TAR process.  The dispute over the TAR process has had two components:  (A)

Plaintiffs' demands for documents reviewed by TAR but not produced, and (B)

Plaintiffs' demands for responsive, non-privileged documents that were collected from

Defendants Marez and Maira, but which were not submitted to the TAR process,

because Defendants had narrowed the pre-TAR document search.  The call to chambers

concerned only issue (A).

A.  Efforts to Resolve TAR Issues

The TAR tool used by the Defendants generates a variety of statistical reports to

enable the parties to understand the results of the TAR process.  In response to Plaintiffs'

requests, Defendants provided the Plaintiffs with multiple such reports, which provided

information about such facts as the number of documents within the collection of

documents searched that included search terms, both before and after the TAR process.

Samples reports are attached hereto as **Exhibits A, B and C**.

After seeing these reports, the Plaintiffs requested a meeting to confer about the

TAR process. Counsel for Defendants asked that the Plaintiffs write down the questions

so that the questions could be forwarded to the Defendants' consultants, in an effort to

conserve resources, time and money. But Plaintiffs' counsel demanded an in-person meeting of counsel, and indicated that Plaintiffs' counsel would attend the meeting *with their electronic discovery consultant*. See **Exhibit D**, email between counsel, January 19, 2018.  Defendants accordingly, in the interest of having a productive discussion, felt it necessary to pay their electronic discovery consultants to attend the meeting, and did so.

At the meeting, the parties and their consultants discussed the TAR process; Plaintiffs' counsel and their electronic discovery consultant asked questions about some of the statistics set forth in the TAR reports provided earlier.  Plaintiffs' counsel demanded samples from those documents reviewed through TAR but which were not produced to the Plaintiffs.  *See* email exchanges, attached hereto as **Exhibits E, F and G**. Defendants submit that these emails demonstrate that the Defendants were being reasonably cooperative, that they agreed to provide additional information and – most important to the issue at hand – they were prepared to provide the information that the Plaintiffs indicated that they were going to move to compel, in order to avoid motions practice (e.g. those documents from the "seed set" that were scored by TAR as being below 40% responsive – see Exhibit G, which reveals that, as late as the day the Plaintiffs filed this Motion, Defendants were making proposals and requesting clarity about what would satisfy the Plaintiffs).

At best, there was a misunderstanding about what Plaintiffs sought to resolve the dispute.  At worst, the Plaintiffs negotiated using moving targets so that they could, for

strategic reasons, place this Motion for Leave (and the proposed Motion to Compel) before the Court, without regard to the good faith efforts to resolve the dispute.[2]

      B.    <u>Search Terms</u>.  This this matter was resolved by agreement prior to the filing of the Motion for Leave.  Specifically, Defendants have agreed to provide additional documents consistent with the Plaintiff's demands – i.e., responsive documents captured by the above-referenced search terms and which were not captured by the narrower searches employed by Defendants prior to the TAR process. Although they did not raise this matter in the conference with the court, Plaintiffs have briefed it in the proposed motion to compel. But because Defendants had agreed to provide the documents Plaintiffs indicated they wanted in order to avoid motions practice, there is no reason to expend the additional resources to litigate a motion to compel these documents.

### Failure to Consult With the Court Regarding Certain Matters Contained Within Proposed Motion Prior to Filing

      On February 5, counsel called the Court, at Plaintiffs' insistence, consistent with the Court's standing instruction regarding discovery disputes.  That discussion concerned the TAR process. It did not concern other matters raised in the proposed Motion to Compel, such as Plaintiffs' inaccurate discussion about Defendants'

---

[2] In an attempt to deflect responsibility for the undeniable fact that Plaintiffs' lawsuit has been an enormous financial drain on the ASA, the Plaintiffs have taken the position that the use of TAR was wasteful of the Defendants' resources. The reality is that TAR was far less expensive, as the single decision they cite in support of their argument recognizes, than paying attorneys to review the more than 20,000 documents for responsiveness would have been – which is why Defendants employed the tool. The purpose of TAR is to reduce the cost of reviewing documents, a matter which is of particular importance to the individual Defendants and to the ASA, a relatively small non-profit organization.

confidentiality designations, the privilege log (which has since been produced), or the purported "failure to produce documents identified as 'potentially privileged.'" After a brief telephone discussion about the TAR issue, counsel were informed that, because the matter was novel, and that Plaintiffs should file a motion for leave, with an explanation of the issue.  Subsequent to that conference with the Court, and before the filing of the Motion, the Defendants agreed to provide the documents which it understood the Plaintiffs had sought to avoid motions practice.  See Exhibits E, F and G, emails between counsel concerning documents.

The Plaintiffs nonetheless filed the instant Motion, which encompasses a wide array of matters not discussed in the pre-motion conference with the Court.  The Plaintiffs would in this additional way bypass Rule 7(m) and the Court's Scheduling Order [Document 32].

The parties have certainly had disagreements about the discovery process, but Defendants respectfully submit that they have produced an astoundingly large volume of documents, particularly in light of the narrow issues in the case, the identities of the Defendants (individual, volunteer Council members and a non-profit academic organization), and the "needs" of this case (Civ. R. 26(b)(1)).[3]  Most important for the Court's consideration of this Motion, Defendants had agreed to produce what the Plaintiffs had indicated they had sought to avoid motions practice, and what Plaintiffs sought in their call with chambers. The Motion should be denied.

---

[3]  An argument for another day, if necessary.

Respectfully submitted,


/s/ _____
John J. Hathway, Esq. #412664
Thomas Mugavero, Esq. #431512
Whiteford, Taylor & Preston L.L.P.
1800 M Street, N.W., Suite 450N
Washington, D.C. 20036-5405
(202) 659-6800
jhathway@wtplaw.com
tmugavero@wtplaw.com



/s/ _____
Jeff C. Seaman, Esq. #466509
Whiteford, Taylor & Preston L.L.P.
7501 Wisconsin Avenue
Suite 700W
Bethesda, MD 20816
(301) 804-3610
jseaman@wtplaw.com