**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br>                          v.<br><br>LISA DUGGAN, CURTIS MAREZ, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, and THE AMERICAN STUDIES ASSOCIATION,<br><br>Defendants. | Case No. 16-cv-00740-RC |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE**
**TO FILE A MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs submit this Reply to respond to arguments set forth in Defendants' Opposition to Plaintiffs' Motion for Leave to File a Motion to Compel Production of Documents.[1] Although the Opposition did not offer any substantive arguments opposing the Motion to Compel, it did argue that the Motion for Leave was not properly in front of the Court – despite the fact that the Court invited Plaintiffs to file that very motion. Plaintiffs respond to Defendants' single, procedural argument below, and further argue that Defendants have waived any substantive arguments opposing the Motion to Compel.

---

[1] For ease in reading, Plaintiffs' Motion for Leave to File a Motion to Compel Production of Documents is hereinafter referred to as "Motion for Leave," and Defendants' Opposition to Plaintiffs' Motion for Leave is hereinafter referred to as "Opposition" or "Opp." The proposed Motion to Compel Production of Documents is hereinafter referred to as "Motion to Compel," and joint references to the Motion for Leave and the Motion to Compel are hereinafter referred to as "the Motions."

Plaintiffs also bring to the attention of the Court that yesterday, March 1, 2018, at 3:00 pm, Defendants sent Plaintiffs an email proposing to resolve the discovery dispute at issue in the Motion to Compel. The email loosely describes an offer by Defendants to go back to the beginning of their searches of Defendants Maira and Marez's documents, and to review those documents for production without the use of technology-assisted review ("TAR"). The proposal, however, included only two sentences describing Defendants' offer, and is quite vague, in Plaintiffs' view. Plaintiffs seek to work with Defendants to develop a detailed discovery plan for the identification and production of document by Defendants Maira and Marez, and will in good faith endeavor to reach an agreement. If an agreement can be reached, Plaintiffs will withdraw the Motions. However, Plaintiffs were unwilling to withdraw the Motions before conferring as a team and working through the details of a new discovery plan with Defendants, and there was insufficient time to do so after the proposal was received yesterday at 3 pm, and today's deadline to file this Reply.[2]

**I.   THE MOTION FOR LEAVE IS PROPERLY BEFORE THE COURT.**

    **A.   The Requirements of the Court's Scheduling Order Are Met.**

Defendants argue that the Motion for Leave is not appropriately in front of the Court because Plaintiffs did not comply with the Court's Scheduling Order requiring that parties seek permission for leave before filing a discovery motion. (Scheduling Order dated April 26, 2017, Dkt. 32.) Notably, Defendants do not quote the very order that they rely on. Every provision of the Scheduling Order is satisfied.

The Court's order states:

---

[2] Defendants' email offering to produce Defendants Marez and Maira's documents without use of TAR, and Plaintiffs' email in response, are attached hereto as Exh. A.

2

>before bringing a discovery dispute to the Court's attention, the parties must meet and confer in good faith in an attempt to resolve the dispute informally.  If the parties are unable to resolve the dispute, they must contact chambers to arrange for a telephonic conference with the Court. The parties must obtain leave of the Court before filing any motion relating to a discovery dispute. Any discovery motions that are filed prior to obtaining such leave may be summarily denied for failure to comply with this order.

*Id*.

The Opposition does not specifically dispute any of the following facts:

- That Plaintiffs contacted the Court after the parties met and conferred "in good faith in an attempt to resolve the dispute informally";

- That the Parties placed a joint call to chambers "to arrange for a telephonic conference with the Court";

- That the Parties met and conferred about Defendants' use of TAR and refusal to produce documents on the basis of TAR;

- That on the joint call to chambers, Plaintiffs described a dispute arising from Defendants' use of TAR and refusal to produce documents on the basis of TAR;

- That, on that call with chambers, Plaintiffs were told that the subject matter of the dispute was better addressed in writing than an informal telephonic conference, and that Plaintiffs should file a motion;

- That Plaintiffs filed a Motion for Leave to file a Motion to Compel; and

- That the Motion to Compel asks the Court to adjudicate the Parties' dispute over Defendants' use of TAR and refusal to produce documents on the basis of TAR.

As shown above, Plaintiffs clearly satisfied the Scheduling Order's prerequisites for a discovery motion.  And, despite Defendants' broad assertions, the Opposition does not identify any particular prerequisite in the Scheduling Order that Plaintiffs did not satisfy.

Instead, Defendants' sole basis for claiming that the dispute is not properly before the Court is that Plaintiffs rejected the one offer to resolve the dispute that Defendants made before the Motion was filed.  In their sole attempt to settle the dispute (prior to late yesterday, March 1,

3

2018), Defendants offered to produce certain samples, totaling approximately 600 documents, to fully resolve the Motion to Compel the 10,500 documents withheld on the basis of TAR.  (*See* Email from Jeff Seaman to Jennifer Gross, attached hereto as Exh. B, offering the samples "assuming it means we do not have to spend resources opposing a motion to compel[.]")

Defendants' procedural argument comes down to this:  although the parties met and conferred about Defendants' use of TAR, and jointly called the court regarding Plaintiffs' potential motion to compel the 10,500 documents withheld on the basis of TAR, Plaintiffs' refusal to accept 600 documents in full satisfaction of the Motion to Compel somehow nullifies the permission to file a discovery motion that was previously and indisputably granted.

There is no logical support for this argument.

Of course, there is no language in the Scheduling Order that calls for the withdrawal of a grant of permission to file a discovery motion, under any circumstance.  Nor does the Scheduling Order address the Parties' respective views on what it would take to settle a potential discovery motion.  The Parties are not instructed to specify exactly what they would or would not accept to resolve the potential motion when they contact chambers.

In this case, nothing was said on the joint call to chambers that suggested that Plaintiffs would (or should) accept samples to resolve the potential motion.  When chambers relayed the decision that Plaintiffs should file the motion in writing, neither the refusal to offer nor the willingness to accept an offer for 600 sample documents were at issue.  The fact that Defendants later made that offer, and Plaintiffs rejected it, in no way nullifies that permission.

Astoundingly, Defendants conclude that "Defendants had agreed to produce . . . ***what Plaintiffs sought in their call with chambers***."  (Opposition at 6, *emphasis added*.)  For Defendants to state that these samples – 600 documents – are "what Plaintiffs sought in their call

with chambers" is beyond the pale. Plaintiffs' counsel did not call chambers to ask for leave to file a motion seeking 600 sample documents, nor did Plaintiffs ask for samples on the joint call at all.

### B. The Small Samples of Documents that Defendants Offered to Provide Were Never the Subject of a Potential Motion, and Defendants Knew This Before They Made the Offer.

Defendants' argument relies on a false assertion of fact: that "Defendants had agreed, prior to the filling of the Motion for Leave, to provide the documents that were the subject of Plaintiffs' discovery dispute teleconference with chambers[.]" As stated above, the samples that Defendants agreed to provide constitute less than 600 of the 10,500 at issue in the discovery dispute that was the subject of the joint call to chambers.

It is true that Plaintiffs requested samples during the meet and confer on January 25, 2018, but that was before Plaintiffs completed their analysis of the (limited) information about Defendants' methods for TAR and the relevant legal issues. And, contrary to Defendants' assertion, Plaintiffs did not "demand" the samples. (Opp. at 4, "Plaintiffs' counsel demanded samples".) Plaintiffs asked for certain samples at the recommendation of Plaintiffs' expert consultant on TAR – the consultant that Plaintiffs were forced to hire, because Defendants would not work with Plaintiffs on a discovery plan, an ESI protocol, or a TAR protocol, leaving Plaintiffs entirely in the dark with respect to Defendants' methods.

Defendants never provided the samples that Plaintiffs' consultant recommended. Although Defendants' consultants stated in the meet and confer that they *could* draw the samples, defense counsel stated that they would have to consider whether or not they *would* provide them, and that they would let Plaintiffs' counsel know by January 31. They never did.

By the time of the joint call to the court on February 5, Plaintiffs had assessed the reliability of Defendants' TAR methods without the benefit of the samples that their consultant had recommended. *Inter alia*, Plaintiffs conducted an analysis showing that over 70% of the withheld documents contained not just one, but two or more search terms, showing that the withheld documents were relevant. Plaintiffs had also researched the legal issues, and were confident that Defendants use of TAR was inappropriate and inaccurate, and that it was appropriate and in the best interest of the Plaintiffs to file a Motion to Compel the documents that were withheld on the basis of TAR. Thus, the samples were no longer particularly important to Plaintiffs.

Importantly, Plaintiffs never indicated an intention to move to compel the samples. Plaintiffs did not indicate such an intention because Plaintiffs never did intend to move to compel the requested samples.

Defendants rely on a very limited selection of emails, taken out of context, in support of their (false) claim that "Plaintiffs had identified [the samples] as documents they sought to avoid a motion[.]" (Opp. at 2.) But none of Defendants' exhibits describe the samples as the subject of a potential motion, or suggest that Plaintiffs would accept the 600 documents in the samples to resolve the dispute over Defendants' use of TAR. And Defendants conveniently did not cite the following emails, which clearly disprove Defendants' suggestion:

- January 25, 2018: "It is not unlikely that we will also file motions regarding the use of TAR in this case. We asked today for certain samples that we could review. However, these random samples are still pulled from the population documents that were fed into TAR, and we now know for sure that that population was greatly limited by extremely restrictive search terms that were never agreed to, and that exclude relevant documents.

    Your sole basis for using TAR is, purportedly, cost-saving. Given the number of documents in this case, that TAR is only employed for two custodians, and the resources expended today and in the past two weeks, it is clear to us that using TAR isn't preserving resources for either side.

6

And, as we discussed today, there was no agreement to use TAR, much less agreement on the numerous variables that are usually included in a discovery plan when the parties do agree to use TAR.  There couldn't be, as we had no idea that you were using TAR until you told the court in October - five months after we served the document requests.

Quite honestly, I remain floored as to why you went to such lengths *not* to discuss methods with us.

. . . We strongly recommend that you not use TAR, because we are certain that you are wasting our resources as well as your own.

***You are on notice today that we will challenge your use of TAR in this case if you continue to employ this tool in a manner that is neither proportional, efficient, or reasonable - and at our expense as well as yours***."  (Attached hereto as Exh. C, *emphasis added*.)

- February 5, 2018, the day of the joint call to chambers: "Plaintiffs are moving to compel the documents that were withheld due to a TAR score of under .4.  We will call the court today.  Please tell me when one of you is available today if you would like to join the call."  (Attached hereto as Exh. D.)

- February 8, 2018: "Jeff, as I told you the on the phone on Tuesday, we are filing the Motion to Compel regardless of whether you produce the samples.  (Which you were supposed to confirm over a week ago and did not.)  These samples do not fix the problem – that you are withholding over 10,000 documents that are clearly relevant and not disproportionate.

   ***I told you, clearly and intentionally, on the phone on Tuesday.  The samples are not sufficient to prevent us from filing***.

   As I also told you on the phone, we believe that the TAR procedure is simply inappropriate and ineffective to reduce costs in this case, with just two individual custodians with cumulative less than 30K documents; we believe that the only effect of TAR here is to deny production of documents that are already identified as responsive."  (Attached hereto as Exh. B, *emphasis added*.)

- February 8, 2018: "You were on the phone when I called the court to ask for leave to file exactly this motion on Monday.  ***We discussed exactly this motion before we called the judge's clerk together.  I described exactly this motion to the judge's clerk.***  You explained your position to the judge's clerk.  The next day, you and I spoke on the phone.  I told you I was already writing the motion.  This is not a surprise to you."  (Attached hereto as Exh. E.)

Ms. Gross and Mr. Seaman also spoke at length regarding the potential motion, and Ms. Gross was clear that an offer to provide the samples would not resolve the dispute over TAR.  Two of these conversations are referenced in Exhibits D and E.

To summarize, Defendants' procedural argument that the Motion for Leave is not appropriately in front of the Court because Defendants offered to provide the documents in dispute must be rejected.  Defendants' offer to provide the samples – about 600 documents – did not and could not constitute an offer to provide the 10,500 documents in dispute.

## II.   **PLAINTIFFS INVITED DEFENDANTS TO OFFER A REASONABLE RESOLULTION TO THE DISPUTE, TO NO AVAIL.**

Defendants argue that Plaintiffs "decided to file the Motion for Leave for some strategic reason, without regard to Defendants' concessions." (Opp. at 1.)  They further state that Plaintiffs, ignoring the Local Rules, filed "an unnecessary motion"  (Opp. at 2), and "[a]t worst, . . . negotiated using moving targets so that they could, for strategic reasons, place this Motion for Leave (and the proposed Motion to Compel) before the Court, without regard to the good faith efforts to resolve the dispute." (Opp. at 5.)

This is another false claim.  There were no moving targets.  The only potential motion discussed was the motion for the documents withheld by Defendants on the basis of TAR – the same motion that was described on the joint call to the court, and then was filed.  Defendants do not indicate any other offer that they made or intended to make.  Defendants were also clear at the time that they would not abandon TAR or produce the documents they withheld on the basis of TAR.  Defendants were not "making proposals" or "requesting clarity" (opp. at 4) about anything, except the samples that they already knew were insufficient to resolve the motion.

In contrast to the false picture Defendants seek to paint, Plaintiffs repeatedly invited Defendants to propose a *reasonable* offer to resolve the dispute. (*See*, *e.g.*, Exhs. F-K.) But instead of making a proposal, Defendants filed the Opposition.

### III. DEFENDANTS HAVE WAIVED SUBSTANTIVE ARGUMENTS IN OPPOSITION TO THE MOTION TO COMPEL.

Defendants' Opposition presents no arguments addressing any of the substantive arguments set forth in the Motion to Compel. Instead, Defendants made just the one procedural argument that the Motion for Leave is not appropriately before the Court. That was a bold choice, particularly as the Court had invited Plaintiffs to file the Motion for Leave.

Having failed to address any of the substantive arguments raised by Plaintiffs, Defendants have now waived their opportunity to do so. Thus, if the Motion for Leave is granted, Defendants should be deemed to concede the arguments in the Motion to Compel for failure to oppose them. "Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue." *Markert v. PNC Fin. Servs. Grp.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011). "Throw-away arguments left undeveloped are also considered waived." *Id*. *See also Willekes v. Serengeti Trading Co.*, 2016 U.S. Dist. LEXIS 129404, at *50-51 n.18 (D.N.J. Sep. 21, 2016); *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1050 (N.D. Ill. 2005) ("Because ZCM did not raise this argument in its opposition brief, it has waived this argument. *See World Travel Vacation Brokers, Inc.*, 861 F.2d [1020, 1025-26 (7th Cir 1988)].")

## IV. PLAINTIFFS ACCURATELY AND APPROPRIATELY DESCRIBED DEFENDANTS' CONDUCT.

The Motion to Compel argues that Plaintiffs have incurred significant costs, and that the progress of this lawsuit has been significantly delayed, as a result of Defendants' conduct in the discovery phase of this case. (Motion to Compel at 3-8, 21-25.) Although not an exclusive list, the Motion to Compel details:

> (1) how Defendants abuse the Confidentiality Order by marking nearly all of the documents produced as Confidential, without respect to the provisions of the Confidentiality Order;
>
> (2) how Defendants mislead Plaintiffs and violated the Court's order to meet and confer about search terms, by providing a list of search terms to Plaintiffs, but then employing a different, much more restrictive set of search terms without informing Plaintiffs;
>
> (3) how Defendants misled Plaintiffs with respect to the production of documents from Defendants Marez and Maira, when Defendants withheld over 6,000 documents that TAR deemed as highly responsive without informing Plaintiffs, because (as Defendants now explain) they deemed the documents "potentially privileged";
>
> (4) Defendants failure to produce a single privilege log for over six months after beginning production;
>
> (5) Defendants lack of oversight with respect to discovery collection, allowing for misspellings and the elimination of wildcards in the searches of documents.

The Opposition argues that the Motion to Compel "concerns many matters that [Plaintiffs] did not raise in the telephonic conference with chambers, as required by the Scheduling Order," but that Defendants "will refrain from addressing the numerous conclusory, unsupported and simply inaccurate assertions in the proposed Motion to Compel." (Opp. at 1-2.)

Plaintiffs included these examples of Defendants' conduct because they constitute a pattern of conduct that the Court may consider in deciding the pending motion. *See*, *e.g.*, *Moore v. Napolitano*, 723 F. Supp. 2d 167, 181 (D.D.C. 2010) ("Given that the defendant has failed to

10

fully comply with the obligation to locate and produce these relevant decisionmaker documents, ***and the finding that this failure continued a pattern and practice of obduracy in discovery production***, the magistrate did not err in finding that, despite the significant volume of discovery already produced, the plaintiffs have been prejudiced by the defendant's failure to search adequately for and produce decisionmaker documents," *emphasis added*).

To the extent that Defendants argue that Plaintiffs did not raise these issues on the joint call with chambers, Plaintiffs simply respond that Plaintiffs have not filed a discovery motion with respect to any of these disputes. Thus, a teleconference with the Court is not appropriate, much less required.

To the extent that Defendants state that Plaintiffs' discussions of these matters in the Motion to Compel are "conclusory, unsupported and simply inaccurate assertions," Defendants are simply wrong. Defendants' misconduct is accurately detailed in Sections I and V of the Motion to Compel, and supported by, *inter alia*, citations to and quotations from correspondence between the Parties.

It is not surprising that Defendants refuse to even address any of these incidents. They have no defense. The incidents are fully supported in the record of correspondence between the parties, and largely quoted or cited in the Motion to Compel.

\* \* \* \*

For all of these reasons, and for all of the reasons set forth in the Motion for Leave and the Motion to Compel, Plaintiffs respectfully request that this Court grant both Motions, and require Defendants to produce the 10,500 documents withheld on the basis of TAR.

11

Dated:  March 2, 2018  Signed:  /s/*Jennifer Gross*
                                                                                      Jennifer Gross

Jerome M. Marcus (admitted *pro hac vice*)
Jonathan Auerbach (admitted *pro hac vice*)
**MARCUS & AUERBACH LLC**
1121 N. Bethlehem Pike, Suite 60-242
Spring House, PA 19477
(215) 885-2250
jmarcus@marcusauerbach.com
auerbach@marcusauerbach.com

*Lead Counsel for Plaintiffs*

L. Rachel Lerman (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3871
rlerman@btlaw.com

Jennifer Gross, DC Bar No. 1003811
Aviva Vogelstein, DC Bar No. 1024231
**THE LOUIS D. BRANDEIS CENTER**
   **FOR HUMAN RIGHTS UNDER LAW**
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006-4623
(202) 559-9296
jenniegross@brandeiscenter.com
avogelst@brandeiscenter.com

Joel Friedlander (admitted *pro hac vice*)
**FRIEDLANDER & GORRIS, P.A**.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3502
jfriedlander@friedlandergorris.com


Eric D. Roiter (admitted *pro hac vice*)
Lecturer in Law
**BOSTON UNIVERSITY SCHOOL OF LAW**
765 Commonwealth Avenue
Boston, MA  02215
(617) 734-8266
eroiter@bu.edu

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on March 2, 2018, I caused to be filed PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A MOTION TO COMPEL PRODUCTION OF DOCUMENTS with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all parties registered to receive such notices.

Dated:  March 2, 2018                        Signed:         /s/*Jennifer Gross*
                                                                                 Jennifer Gross