IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, et al., | |
| Plaintiffs, | |
| and SIMON BRONNER, DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT, THE AMERICAN STUDIES ASSOCIATION, | Case No: 1:16-cv-00740-RC |
| Derivative Plaintiff, | |
| v. | |
| LISA DUGGAN, et al., | |
| Defendants. | |

## DECLARATION OF JOHN STEPHENS

1. I am over eighteen years of age and have personal knowledge of the facts set forth herein.

2. I am the Executive Director of the American Studies Association ("ASA"), a Defendant in the above-referenced matter, and I have been the Executive Director since 1983.

3. I have reviewed the Second Amended Complaint and the Plaintiffs' "Supplemental Brief on the Issue of Subject Matter Jurisdiction" (Document 88),

including Section III(B) of the Brief, in which Plaintiffs make an assertion about the cost of the injunctive relief they seek.

4. Plaintiffs appear to claim that the cost to the ASA to remedy the alleged wrong – i.e., undoing the Resolution -- exceeds $75,000. This is plainly false.

5. In fact, to overturn, rescind or repeal the Resolution, would cost nothing; if the National Council were inclined to rescind its passage of the Resolution, it could do so at any meeting of the National Council at no cost whatsoever.

6. Moreover, even if the National Council were to put the Resolution to another vote of the ASA membership (which I understand the Plaintiffs have not requested), the total cost of that action would be the cost of informing the membership of the vote via a notice delivered by regular mail.

7. The cost of that effort would be between $700 and $800, which is based upon the cost of printing and mailing cards to members to remind them of the vote, as the ASA did in December 2013.

8. In regards to the allegations that the ASA "raided" the trust fund to pay for Resolution-related expenses, that claim is also false. First, the only expenses paid relating to passage of the Resolution or the response to the media backlash following the Resolution were those set forth in my original Declaration dated June 8, 2016. As set forth therein, those funds were obtained through contributions donated specifically to

support the Resolution. No funds from the ASA's operating accounts or other regular accounts were used for those purposes.

9. Plaintiffs argue in their jurisdictional brief that in fiscal year 2015 the ASA withdrew over $112,000 from the trust fund; they then *surmise* that the funds therefore must have been expended to support the Resolution. This conjecture is incorrect.

10. The funds withdrawn from the trust fund in fiscal 2015 were withdrawn to pay expenses related to the reconstruction of the ASA website, a fact that has already been explained to the Plaintiffs during my deposition. In addition, that was a capital expenditure permissible under the ASA Bylaws, both as they existed in 2013 and currently.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of May, 2018.

_____
John F. Stephens