# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON, <br><br>      Plaintiffs, <br><br> v. <br><br> LISA DUGGAN, CURTIS MAREZ, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS, and THE AMERICAN STUDIES ASSOCIATION, <br><br>      Defendants. | Case No. 1:16-cv-00740-RC |

## DEFENDANT STEVEN SALAITA'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS

Defendant Steven Salaita files this Motion to Stay Discovery Pending a Decision on his Motion to Dismiss, having been granted leave by the Court to do so. *See* Aug. 15, 2018 Min. Entry for proceedings held Aug. 15, 2018 in which leave was granted to file Mot. to Stay Disc. As more fully set forth in the accompanying Memorandum of Law in Support of Defendant's Motion to Stay Discovery, which is incorporated herein by reference, the Court should stay discovery with regard to Dr. Salaita until his dispositive Motion to Dismiss is decided, including staying his duty to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

Dated: August 27, 2018

Respectfully submitted,

/s/ Maria C. LaHood
Maria C. LaHood (*pro hac vice*)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6430
Fax: (212) 614-6422
mlahood@ccrjustice.org

/s/ Shayana Kadidal
Shayana Kadidal (D.C. Bar No. 454248)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6438
Fax: (212) 614-6422
shanek@ccrjustice.org

*Attorneys for Defendant Steven Salaita*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>       Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS, and THE AMERICAN STUDIES ASSOCIATION,<br><br>       Defendants. | Case No. 1:16-cv-00740-RC |

**DEFENDANT STEVEN SALAITA'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION TO STAY DISCOVERY**
**PENDING DECISION ON MOTION TO DISMISS**

## INTRODUCTION

Defendant Dr. Steven Salaita has today filed a dispositive Motion to Dismiss Plaintiffs'

Second Amended Complaint, challenging this Court's personal and subject matter jurisdiction

and raising other threshold issues, concurrently herewith.   The balance of interests weighs

heavily in favor of granting a stay of discovery with regard to Dr. Salaita until his Motion to

Dismiss is decided, including staying his duty to make initial disclosures pursuant to Fed. R. Civ.

P. 26(a)(1).

## PROCEDURAL HISTORY

This case was originally filed on April 20, 2016. Compl., ECF No. 1.   On November 9,

2017, Plaintiffs sought leave to file a Second Amended Complaint ("SAC") and extend time to

add four new defendants, including Dr. Salaita.   Pls.' Mot. for Leave to File Second Am. Compl.,

ECF No. 59.   On March 6, 2018, this Court granted Plaintiffs leave to file their SAC and add

defendants, but stayed proceedings pending the Court's consideration of its subject matter

jurisdiction.   Mem. Op., Mar. 6, 2018, ECF No. 80.   Dr. Salaita was served while the

proceedings were stayed.   Return of Serv./Aff. of Summons & Compl. Executed, ECF No. 84.

In a July 5, 2018 opinion, this Court found it had subject matter jurisdiction "for now," Mem.

Op., July 5, 2018, ECF No. 94, at p. 7, and lifted the stay.   Order, July 5, 2018, ECF No. 92.   On

August 15, 2018, this Court held a status conference at which it granted Defendants leave to file

a Motion to Stay Discovery with any Motion to Dismiss, on or before August 27, 2018.   Aug. 15,

2018 Min. Entry for proceedings held Aug. 15, 2018 in which leave was granted to file Mot. to

Stay Disc.

**ARGUMENT**

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001); *see also Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 494 F.2d 1092, 1100 (D.C. Cir. 1974) ("Trial courts…have broad powers to regulate or prevent discovery and such powers have always been freely exercised."). It "is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (internal quotation omitted) (staying discovery pending motions to dismiss where no prejudice to non-moving party, and discovery not necessary "to effectively oppose the pending Motions to Dismiss," *id.* at 83); *see also Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C.2004) (granting discovery stay because dispositive motion to dismiss was pending). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous,* 201 F.R.D. at 2 (internal quotation marks omitted). *See also* Fed. R. Civ. P. 1 (the Federal Rules must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

As argued in Dr. Salaita's Motion to Dismiss, filed concurrently herewith, Plaintiffs' complaint against him fails to allege facts sufficient to establish personal jurisdiction or subject matter jurisdiction, and fails to allege any cognizable claim against him. Stays are especially appropriate where the court's jurisdiction is being challenged. *See, e.g., U.S. Catholic Conf. v.*

2

*Abortion Rights Mobilization, Inc*., 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters") (citation omitted).   Stays are similarly appropriate when other threshold issues are raised, such as application of the federal Volunteer Protection Act or the business judgment rule, as here. *See, e.g., Wash. Bancorporation v. Said*, 812 F. Supp. 1256, 1277 n.51 (D.D.C. 1993) ("discovery is appropriate only where plaintiff's allegations and proffers of fact give rise to a possibility that the business judgment rule will not apply").

In this case, in which the Court might not even have jurisdiction over the case or personal jurisdiction over Dr. Salaita (and where engaging in discovery might risk waiving that defense), the balance of interests weighs heavily in favor of granting a stay.   Dr. Salaita's Motion to Dismiss is potentially dispositive, and the stay of discovery he requests is for a limited period of time until his Motion to Dismiss is decided.   At this point the Court is familiar with the case and the issues, most of which have already been briefed and addressed, so the length of the stay should not be unreasonable.   Plaintiffs have already obtained extensive discovery against the original defendants, and continue to pursue those requests; a stay of further discovery or a stay of discovery against the new defendants will therefore not unnecessarily delay the proceedings.   A limited stay will not prejudice Plaintiffs, who chose to add Dr. Salaita as a Defendant a year and a half into their lawsuit, with no more pertinent information to allege against him than they had when they filed their original complaint in April 2016—that he was a member of the ASA National Council starting in July 2015.   A complaint is not intended to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

Moreover, given that several of the claims against Dr. Salaita—including those regarding passage of the Boycott Resolution, the crux of the lawsuit—pre-date his term on the ASA's National Council, discovery on all issues posed by the complaint would be wasteful and burdensome.  *See Havaco of Am., Ltd. v. Shell Oil Co.,* 626 F.2d 549, 553 (7th Cir. 1980) ("if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility.").

Stays pending Motions to Dismiss "are granted with substantial frequency.  Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *In re Sulfuric Acid Antitrust Litig*., 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citations omitted); *see also Greene v. Emersons, Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980) ("A defendant has the right, under Rule 12(b), F.R.Civ.P., to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures"); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") (citation omitted).

## CONCLUSION

In light of the foregoing, Dr. Salaita respectfully requests that this Court stay discovery with regard to Dr. Salaita until his dispositive Motion to Dismiss is decided, including staying his duty to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

Dated:  August 27, 2018                          Respectfully submitted,

                                                 /s/ Maria C. LaHood
                                                 Maria C. LaHood (*pro hac vice*)
                                                 Center for Constitutional Rights
                                                 666 Broadway, 7th Floor
                                                 New York, NY 10012
                                                 Tel.: (212) 614-6430
                                                 Fax: (212) 614-6422
                                                 mlahood@ccrjustice.org


                                                 /s/ Shayana Kadidal
                                                 Shayana Kadidal (D.C. Bar No. 454248)
                                                 Center for Constitutional Rights
                                                 666 Broadway, 7th Floor
                                                 New York, NY 10012
                                                 Tel.: (212) 614-6438
                                                 Fax: (212) 614-6422
                                                 shanek@ccrjustice.org

                                                 *Attorneys for Defendant Steven Salaita*