IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON, | |
| Plaintiffs, | Civil Action No.: 16-cv-00740-RC |
| v. | |
| LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS and the AMERICAN STUDIES ASSOCIATION, | |
| Defendants. | |

## MOTION FOR PROTECTIVE ORDER

Defendants, Kehaulani Kauanui and Jasbir Puar, submit this Motion for Protective Order staying discovery, including staying defendants' obligations to make Rule 26a disclosures.  As more fully set forth in the accompanying Memorandum in Support of Motion for Protective Order, which is incorporated herein by reference, discovery against Kaunaui and Puar should be stayed as well as their 26(a) disclosures until dispositive motions are resolved.

1

Dated: August 27, 2018

Respectfully submitted,

_____

Richard R. Renner , DC Bar #OH0021
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006
202-466-8696
877-527-0446 (fax)
Rrenner@kcnlaw.com

_____

Mark Allen Kleiman (*pro hac vice*)
Law Office of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292
310-306-8094
310-306-8491 (fax)
mkleiman@quitam.org

Attorneys for Defendants
Kehaulani Kauanui and Jasbir Puar

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON, | |
| Plaintiffs, | Civil Action No.: 16-cv-00740-RC |
| v. | |
| LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS and the AMERICAN STUDIES ASSOCIATION, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

1.   INTRODUCTION AND SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

2.   DEFENDANTS KAUANUI AND PUAR ARE ENTITLED TO
     A STAY OF DISCOVERY BECAUSE THERE IS A POSSIBILITY THAT
     PENDING DISPOSITIVE MOTIONS WILL ENTIRELY ELIMINATE
     THE NEED FOR ANY DISCOVERY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.   DEFENDANTS EASILY MEET THE STANDARD OF SHOWING A
     MERE "POSSIBILITY" OF WINNING DISMISSAL WHICH WILL
     ENTIRELY ELIMINATE THE NEED FOR DISCOVERY IN THIS MATTER. . . . . . . 4

4.   THE BURDEN  ON THE DEFENDANTS AND THE ABSENCE OF
     PREJUDICE TO THE PLAINTIFFS MERITS A BRIEF STAY
     WHILE THE  DISPOSITIVE MOTIONS ARE AJUDICATED. . . . . . . . . . . . . . . . . . . 5

5.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Bell Atlantic v. Twombly*,  550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

\* *Brennan v. Local 639, Int'l Brotherhood of Teamsters*,
    494 F494 F.2d 1092 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977). . . . . . . . . . 1,3

\* *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
    201 F.R.D. 1, 3 (D.D.C. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Estate of Phillips v. District of Columbia*, 455 F.3d 397 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Feldman v Flood* 176 F.R.D. 651, 652-53 (M.D. Fl. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Forbes v. 21st Century Ins. Co.* 258 F.R.D. 335. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gipson v. Vought Aircraft Indus., Inc.*, 387 Fed. Appx. 548 [6th Cir. 2010]. . . . . . . . . . . . . . . . 5

*Institut Pasteur v Chiron Corp.* 315 F.Supp.2d 33, 37 (D.D.C. 2004). . . . . . . . . . . . . . . . . . . . . 3

\* *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
    2009 U.S. Dist. LEXIS 78476, at \*3-4 (S.D.N.Y. Sep. 1, 2009). . . . . . . . . . . . . . . . . . . . . 2

*Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . 3

*Loumiet v. United States*,
    225 F. Supp. 3d 79 (D.D.C. 2016) (Kollar-Kotelly, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Quintanilla v. AK Tube, L.L.C.*, 477 F.Supp.2d. 828 [N.D. Oh. 2007]. . . . . . . . . . . . . . . . . . . 5,6

*Solis-Alarcon v. United States* 514 F.Supp. 2d 185 [D.P.R. 2007]. . . . . . . . . . . . . . . . . . . . . . . . 5

*Spencer Trask Software & Info. Servs. V. RPost Int'l*,

206 F.R.D. 367, 368 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

\* *United States Catholic Conf. v. Abortion Rights Mobilization*,

487 U.S. 72, 108 S. Ct. 2268, 2272, 101 L. Ed. 2d 69, 79 (1988). . . . . . . . . . . . . . . . . . 2

*White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). . . . . . . . . . . . . . . . . 3

## <u>STATUTES</u>

U.S.C. §14501 *et. seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 26(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,4,5

## <u>MISCELLANEOUS</u>

13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3536,

and n. 2 (1984 and Supp. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants Kauanui and Puar were served while all proceedings were stayed.  When the stay was lifted (Dkt. # 094) plaintiffs sought initial disclosures from them pursuant to Fed. R. Civ. P. 26(a).  Defendants, who have moved to dismiss on multiple seek a protective order that would stay discovery against them, and would stay their 26(a) disclosures until these dispositive motions are resolved.

Where there is even a mere possibility that a dispositive motion will be granted that will entirely eliminate the need for a defendant to respond to discovery, discovery is generally inappropriate while the motion is pending. *Brennan v. Local 639, Int'l Brotherhood of Teamsters*, 494 F.2d 1092, 1100, (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).   Here, there is a strong argument that defendants Kauanui and Puar are entitled to immunity under the VPA.

The policy of protecting and fostering voluntary participation in nonprofit organizations by granting immunity is vitiated and the purpose of the VPA is frustrated, if volunteers eligible for the protections of immunity must first wade through one hundred thousand or more of previously produced documents just to understand the breadth of the issues and respond appropriately to disclosure obligations.  This is only worsened if they must next respond to burdensome discovery before their right to immunity is adjudicated.  Moreover, even if we put aside the likelihood that these defendants are entitled to immunity, there is a significant likelihood of dismissal for want of subject matter jurisdiction as raised by the ASA and the other individual defendants.  "It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters, see 13A C.

1

Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3536, and n. 2 (1984 and Supp. 1987) *United States Catholic Conf. v. Abortion Rights Mobilization*, 487 U.S. 72, 79-80, 108 S. Ct. 2268, 2272, 101 L. Ed. 2d 69, 79 (1988).

Beyond that the jurisdictional questions and the debate over what damages plaintiffs are allowed to claim renders even Rule 26(a) disclosures problematic. Since defendants do not know what damages plaintiffs are being allowed to claim it is impossible to guess at what documents and witnesses might support their defenses to those claimed damages. The ASA and at least one of the individual defendants have already produced over 100,000 pages of documents.  Dr. Kauanui and Dr. Puar would have to review much of it to see if it refreshed their recollection about witnesses or documents. In a case where they might never have to respond to discovery there is no overbalancing reason to subject them to such a burden at this stage..

Thus, Dr. Kauanui and Dr. Puar respectfully request that this court stay all pending Rule 26 obligations and discovery obligations pending consideration of all applicable motions to dismiss filed in this manner.

2.   **DEFENDANTS KAUANUI AND PUAR ARE ENTITLED TO A STAY OF DISCOVERY BECAUSE THERE IS A POSSIBILITY THAT PENDING DISPOSITIVE MOTIONS WILL ENTIRELY ELIMINATE THE NEED FOR ANY DISCOVERY.**

Where grounds for a motion to dismiss appear "not to be unfounded" and discovery would subject a party which may be dismissed to undue burden and expense, a stay is appropriate there is not overbalancing prejudice to the propounding party. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *3-4 (S.D.N.Y. Sep. 1, 2009). The "not

2

unfounded" standard was relied upon in *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) and *Spencer Trask Software & Info. Servs. v R Post Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  A delay in discovery is appropriate where there is a possibility a dispositive motion will be granted that would entirely eliminate the need for such discovery. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001); *Feldman v Flood* 176 F.R.D. 651, 652-53 (M.D. Fl. 1997). In *Chavous*, the court denied further discovery while defendant's motion to dismiss was pending when the discovery sought did not bear on the question addressed by the motion to dismiss. 201 F.R.D. at 3; *Brennan*, 494 F.2d at 1100; *Institut Pasteur v Chiron Corp.* 315 F.Supp.2d 33, 37 (D.D.C. 2004).  It is within the sound discretion of the court to grant a stay of discovery even while a summary judgment motion is pending. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) Accord, *Loumiet v. United States*, 225 F. Supp. 3d 79, 82-84 (D.D.C. 2016)  (court stayed discovery pending motions to dismiss where there was no prejudice to non-moving party, and discovery not "necessary for him to effectively oppose the pending Motions to Dismiss".

Where the pleadings have merely made bare allegations of improper purpose they do not suffice to drag defendants into discovery. Where claims of immunity, even a qualified immunity, turn on questions of law, it is appropriate to decide them on a motion to dismiss. *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 408 (2006).  As explained more fully in the defendants' motion to dismiss, (Dkt. No. 109)  where there are two explanations for defendants' alleged malfeasance, a complaint should be dismissed unless plaintiffs plead specific facts

plausibly suggesting, and not merely consistent with a theory of liability.  *Bell Atlantic v. Twombly*,  550 U.S. 544, 566-567 (2007).

3.       **DEFENDANTS EASILY MEET THE STANDARD OF SHOWING A MERE "POSSIBILITY" OF WINNING DISMISSAL WHICH WILL ENTIRELY ELIMINATE THE NEED FOR DISCOVERY IN THIS MATTER.**

      Because defendants advance several arguments which might fully dispose of their participation in the case discovery and the concomitant Rule 26 obligations should be stayed until these issues are resolved.  Briefly, those arguments include:

(1) Defendants are entitled to the immunities of the VPA and Plaintiffs have not plead specific facts making it plausible that their actions were outside the scope of their responsibilities as ASA volunteers.

(2) The defendants have no liability for the allegedly *ultra vires* actions of the ASA, per this Court's prior holding at 249 F.Supp.2d 27, 32, 37 (DDC 2017).

(3) The only individual damages alleged in the entire action are those of plaintiff Barton in Count Eight, which is a breach of contract claim that concerns none of the individual defendants and implicates only the ASA.[1]

(4) There exist grave doubts that the damages plaintiffs seek will be found to meet the $75,000 threshhold.

---

[1]  In any event, it is not clear how Barton's claimed loss of his right to vote meets the minimum financial threshold for diversity jurisdiction.

4

Each of these arguments is discussed more fully in the motions to dismiss (Dkt. Nos. 106, 108, and 109 and will not, for purposes of brevity and out of respect for the shortness of human life, be fully repeated here.

4.     **THE BURDEN  ON THE DEFENDANTS AND THE ABSENCE OF PREJUDICE TO THE PLAINTIFFS COMPELS MERITS A BRIEF STAY WHILE THE DISPOSITIVE MOTIONS ARE AJUDICATED**.

Defendants are individual professors with *pro bono* counsel.  Between them, they volunteered with the ASA from 2010 through 2016.  Even if they had been named as defendants and served at the beginning of the case, they would each have had to search through three years of emails (Dr. Puar from at least 2010 through 2013, Dkt. No. 81, ¶25 and Dr. Kauanui from at least 2013 through 2016, Dkt. No. 81, ¶. 24).  This alone would have been unreasonably burdensome for a case that may well be disposed of on the motions to dismiss.  Yet now, because over 100,000 pages of documents have been produced,  Plaintiffs would require these defendants to wade through an ocean of electronic evidence to see if anything jogged their memories or refreshed their recollections about what documents or witnesses may be relevant.  The penalties for failing to make a proper 26a disclosure can be harsh and include preclusion of witnesses and documentary evidence at trial.  (*Gipson v. Vought Aircraft Indus., Inc.*, 387 Fed. Appx. 548, 554-555 [6th Cir. 2010] affirming decision to strike a witness' affidavit for failure to fully describe the witness' knowledge in initial disclsures; *Forbes v. 21st Century Ins. Co.* 258 F.R.D. 335, 338-339 holding that a party's failure to fully justify an untimely disclosure barred the use of that witness or evidence; *Solis-Alarcon v. United States* 514 F.Supp. 2d 185, 190-191 [D.P.R. 2007] excluding evidence not promptly disclosed by DEA agent; *Quintanilla v. AK Tube, L.L.C.*, 477

F.Supp.2d. 828, 835 [N.D. Oh. 2007], excluding an affidavit from a witness not listed in plaintiff's initial disclosures.)

To impose such a burden when defendants are not even certain about what the claims against them will be or which affirmative defenses they will need to assert is entirely disproportionate.

The very sweeping discovery plaintiffs have already propounded against earlier served defendants (Dkt. No. 75-4) suggests that discovery is often unlimited as to time (Requests Nos. 5, 7, 16, 20, 21, 22, 29, 30, 31,36) or sometimes covers a "mere" 15 years (Requests Nos. 1, 2, 13, 15.)

5. **CONCLUSION**

While dispositive motions are pending such profoundly disproportionate burdens argue compellingly for a temporary stay until the pleadings are resolved.

Dated: August 27, 2018                                        Respectfully submitted,

_____

Richard R. Renner , DC Bar #OH0021
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006
202-466-8696
877-527-0446 (fax)
Rrenner@kcnlaw.com

Mark Allen Kleiman (*pro hac vice*)
Law Office of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292
310-306-8094
310-306-8491 (fax)
mkleiman@quitam.org


Attorneys for Defendants
Kehaulani Kauanui and Jasbir Puar

7