IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS, and THE AMERICAN STUDIES ASSOCIATION,<br><br>Defendants. | Case No. 16-cv-00740-RC |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO STAY**

Plaintiffs Simon Bronner, Michael Rockland, Michael L. Barton, and Charles D. Kupfer (collectively, "Plaintiffs"), by and through their attorneys, hereby respond to the Motions to Stay Discovery filed by all Defendants (Dkts. 107, 110, & 111).

I.   **THE ORIGINAL DEFENDANTS AND JOHN STEPHENS DO NOT AND CANNOT STATE LEGITIMATE BASIS FOR A STAY.**

Discovery in this case began in May 2017 – nearly 18 months ago.  As the Court may recall, and the record clearly reflects, the Defendants named in the First Amended Complaint ("FAC") were uncooperative.  Uncooperative in the sense that they would not collaborate on a discovery plan, would not respond to correspondence, would not even acknowledge Plaintiffs' First Set of Requests for Production, much less actually produce documents.  Deadlines would

come and go. The Court would order Defendants to produce responsive documents by a particular date, Defendants would agree. That day would come, but most of the documents would not. Later there would be disputes over technology-assisted review (TAR) – in this case, that review would somehow eliminate multitudes of documents that included not just one search term, but two. Even later, we would learn that the set of search terms the parties agreed to – after the Court ordered Defendants to discuss the search terms with Plaintiffs – were not actually used. Including that Defendants eliminated all wildcards from the terms.

These Defendants have no good will left in the bank. They also, clearly, do not want to produce documents. When the Court considers the likelihood that an argument by these Defendants, now – after 18 months of litigation – will suddenly result in a dismissal of the entire case on the pleadings, it should keep in mind the Defendants' conduct, and particularly their penchant for delay.

Defendants now claim that discovery should be stayed until the Court rules on their Motion to Dismiss the Second Amended Complaint ("SAC"). As Plaintiffs have set forth in numerous briefs, including the Opposition to Defendants' Motion to Dismiss the SAC, filed earlier today, the SAC includes every single claim and allegation set forth in the FAC that was pending. Those claims have been pending now since April 2017. They survived a motion to dismiss and numerous other challenges.

Defendants can only argue that discovery should be stayed until the Court rules on the SAC if they can persuasively argue that the entire case may be dismissed. That includes dismissal of the very same claims that have been pending now 18 months. The likelihood of dismissal of the entire case for failure to state a claim, when at least some of those claims have been pending for 18 months, cannot be so probable that a stay should be granted.

Moreover, Defendants' Motion to Dismiss the SAC focused almost entirely on the oft-repeated argument that Plaintiffs do not have standing to bring these claims as direct claims. This argument flatly contradicts the holdings of the D.C. Court of Appeals, the highest court in the District, in *Daley v. Alpha Kappa Alpha, Sorority, Inc*., 26 A.3d 723 (D.C. 2011) and *Jackson v. George*, 146 A.3d 405 (D.C. 2016).  This Courts' rejection of such precedent should not be so "likely" that discovery is stayed.

At the status conference on August 15, 2018, this Court required these Defendants to continue discovery.  Nothing has happened since that should lead the Court to change its mind.

## II. <u>DEFENDANTS KAUANUI, PUAR, AND SALAITA</u>

Defendants Kauanui, Puar, and Salaita were added to this case with the SAC.  They are alleged to have engaged in the very same activities as the Original Defendants.  The entire set of Defendants are alleged to have acted in concert.  There is no reason why the claims that have been pending for 18 months should be stayed for these Defendants, because there is not a strong likelihood that all the claims will suddenly be dismissed for these Defendants.

Moreover, Defendants Kauanui, Puar, and Salaita refused to produce their Initial Disclosures, as required by the Federal Rules, while also not asking for a stay.  This tactic rings of the Original Defendants.

This Court instructed Defendants Kauanui, Puar, and Salaita that their motion for a stay had better show prejudice.  They have not done so.

For all of these reasons, this Court should deny the Defendants' Motions for a Stay of Discovery.

| | |
|---|---|
| Dated: October 10, 2018 | Signed:   /s/*Jennifer Gross*<br>Jennifer Gross |

| | |
|---|---|
| Jerome M. Marcus (admitted *pro hac vice*)<br>Jonathan Auerbach (admitted *pro hac vice*)<br>**MARCUS & AUERBACH LLC**<br>1121 N. Bethlehem Pike, Suite 60-242<br>Spring House, PA 19477<br>(215) 885-2250<br>jmarcus@marcusauerbach.com<br>auerbach@marcusauerbach.com<br><br>*Lead Counsel for Plaintiffs* | Jennifer Gross, DC Bar No. 1003811<br>Aviva Vogelstein, DC Bar No. 1024231<br>**THE LOUIS D. BRANDEIS CENTER**<br>    **FOR HUMAN RIGHTS UNDER LAW**<br>1717 Pennsylvania Avenue NW, Suite 1025<br>Washington, DC 20006-4623<br>(202) 559-9296<br>jenniegross@brandeiscenter.com<br>avogelst@brandeiscenter.com |
| L. Rachel Lerman (admitted *pro hac vice*)<br>**BARNES & THORNBURG LLP**<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067-2904<br>(310) 284-3871<br>rlerman@btlaw.com | Joel Friedlander (admitted *pro hac vice*)<br>**FRIEDLANDER & GORRIS, P.A**.<br>1201 N. Market Street, Suite 2200<br>Wilmington, DE 19801<br>(302) 573-3502<br>jfriedlander@friedlandergorris.com |
| | Eric D. Roiter (admitted *pro hac vice*)<br>Lecturer in Law<br>**BOSTON UNIVERSITY SCHOOL OF LAW**<br>765 Commonwealth Avenue<br>Boston, MA  02215<br>(617) 734-8266<br>eroiter@bu.edu |

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on October, 2018, I caused to be filed PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all parties registered to receive such notices.

Dated:  October 10, 2018　　　　　　　　　Signed: 　　　　/s/*Jennifer Gross*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jennifer Gross