IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS and the AMERICAN STUDIES ASSOCIATION,<br><br>Defendants. | Civil Action No.: 16-cv-00740-RC |

**REPLY IN SUPPORT OF DR. KAUANUI AND DR. PUAR'S**

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Kehaulani Kauanui and Jasbir Puar submit Reply in support of their Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)6).

1

Dated: November 7, 2018                              Respectfully submitted,


                                                     /s/ *Richard R. Renner*

                                                     Richard R. Renner, DC Bar #OH0021
                                                     Kalijarvi, Chuzi, Newman & Fitch, P.C.
                                                     818 Connecticut Ave., NW, Suite 1000
                                                     Washington, D.C. 20006
                                                     202-466-8696
                                                     877-527-0446 (fax)
                                                     Rrenner@kcnlaw.com



                                                     /s/ *Mark Allen Kleiman*

                                                     Mark Allen Kleiman (*pro hac vice*)
                                                     Law Office of Mark Allen Kleiman
                                                     2907 Stanford Avenue
                                                     Venice, CA 90292
                                                     310-306-8094
                                                     310-306-8491 (fax)
                                                     mkleiman@quitam.org


                                                     Attorneys for Defendants
                                                     Kehaulani Kauanui and Jasbir Puar

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, AVERY GORDON, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS and the AMERICAN STUDIES ASSOCIATION,<br><br>Defendants. | Civil Action No.: 16-cv-00740-RC |

**REPLY IN SUPPORT OF DR. KAUANUI AND DR. PUAR'S**

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1  INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.  THE UNAVOIDABLE REQUIREMENT THAT LEGAL CONCLUSIONS
    MUST BE BASED UPON ACTUAL FACTS COMPELS DISMISSAL . . . . . . . . . . . . . . . 2

3.  THE FEDERAL VOLUNTEER PROTECTION ACT IS FAR BROADER
    THAN THE LIMITED PROTECTION PLAINTIFFS DEPICT . . . . . . . . . . . . . . . . . . . . . . 4

4.  PLAINTIFFS' REMAINING ARGUMENTS ARE EITHER IRRELEVANT
    OR UNAVAILING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **TABLE OF AUTHORITIES**

*Armenian Assembly of Am., Inc. v. Cafesjian*, 772 F. Supp. 2d 20 (D.D.C. 2011). . . . . . . . . . . . . 7

*BEG Invs. L.L.C. v. Alberti*, 85 F.Supp.3d 15 (D.D.C. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207 (DC Cir. 1997). . . . . . . . . . . 5

*Cadles Grassy Meadows II, L.L.C. v. Gervin* 300 Fed. Appx. 293 (5th Cir. 2008). . . . . . . . . . . . . 7

*Capital Motor Lines v. Detroit Diesel Corp.* 799 F.Supp. 2d 11, 14 (D.D.C.2011). . . . . . . . . . . . 7

*Destefano v Children's Nat. Medical Center*, 121 A.3d 59, 66 (D.C. 2015) . . . . . . . . . . . . . . . . . 6

*Harris v. United States Dept. of Veterans Affairs* 126 F.3d 339, 343 (D.C. Cir. 1997). . . . . . . . . 7

*Hawkins v. Wash. Metro. Area Transit Auth.,* 311 F.Supp. 3d 94 (D.C. Dist. 2018). . . . . . . . . . . 6

*Hernandez v. District of Columbia*, 845 F.Supp.2d 112 (D.C. Dist. 2012) **. . . . . . . . . . . . . . . . .** 5

*Mittleman v. United States* 997 F.Supp.1, 6-7 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Moss v. Stockard*, 580 A.2d 1011 (D.C. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tyler v. Centr. Charge Serv., Inc.* 444 A.2d 965, 969 (D.C. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 6

## **STATUTES**

Volunteer Protection Act

    42 U.S.C. §14501 et. seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,4

    42 U.S.C. §14503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Our motion to dismiss rested on four major points:

1)    The *Iqbal / Twombley* standard requires the plaintiffs to plead actual facts sufficient to make their claims of villainy facially plausible.

2)    For Dr. Puar, who only served on an ASA committee, Plaintiffs have not alleged sufficient factual matter to make it facially plausible that she breached a fiduciary duty to the ASA or any of its members.

3)    Plaintiffs have likewise not alleged actual facts making it plausible that Dr. Kauanui breached a duty to the ASA or any of its members.

4)    Defendants enjoy the protection of the federal Volunteer Protection Act which is extends immunities greater than those of the D.C. statute.

Plaintiffs' opposition ignores the *Iqbal / Twombley* standard and suggests that it is sufficient to vaguely refer to "individual defendants" as though any one of those defendants is supposed to intuit what she is charged with in a 244-paragraph complaint that involves ten individual defendants scattered across the countryside. Plaintiffs try to buttress their argument by larding it with new claims against Kauanui and Puar that are nowhere in the complaint, and ultimately retreat to proposing to cure the complaint's defects by adding an even murkier charge of "aiding and abetting".

We will show why this is wrong.

1

We will also show plaintiffs either misconstrue or ignore the fundamental differences between the federal Volunteer Protection Act and the D.C. statute, and how this error leads them to misunderstand the immunities granted to defendants here.

**2.  THE UNAVOIDABLE REQUIREMENT THAT LEGAL CONCLUSIONS MUST BE BASED UPON ACTUAL FACTS COMPELS DISMISSAL.**

Plaintiffs do not dispute the legal principle that a claim for relief must contain actual facts that make the claim plausible, and that this Court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of legal conclusions that are couched as factual allegations."  *BEG Invs. L.L.C. v. Alberti*, 85 F.Supp.3d 15, 24-25 (D.D.C. 2015), (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007).   Yet despite (or perhaps because of) this requirement, Plaintiffs rewrite the facts of their own pleadings in a failed attempt to meet this exacting standard.

Plaintiffs subtly seek to conflate Dr. Kauanui and Dr. Puar, obscuring the fact that plaintiffs never alleged Dr. Puar was on the National Council, never alleged she had a role in the National Council debate, and never alleged she had a thing to do with the expenditure of funds. None of this keeps plaintiffs from blithely claiming:

> "First, the allegations against Defendant Kauanui are not limited to the period of time before she was on the ASA National Council. Kauanui served on the National Council for three years beginning on June 30, 2013 – well before the adoption of the Boycott Resolution in December 2013. The breach of fiduciary duties claims against her are not limited to lack of candor when she ran for the position on the National Council. They also include her lack of candor regarding the vote on the Boycott Resolution, and numerous allegations relating to the expenditure of funds and the processes surrounding the vote that this Court described in the Immunity Decision, excerpted above. The same is true for Defendant Puar.  Third, Counts Three through Nine are not claims for breach of fiduciary duties, thus the timing of when either of these defendants became a fiduciary is irrelevant to them."

Dkt. 113, p. 7, (emphasis added.)

2

The allegations against Dr. Puar, as fanciful as they are, make it clear that plaintiffs' ire is focused on her role on the Nominating Committee and it's impact that Committee's actions years later – there is simply no factual matter alleged tying Dr. Puar to the National Council decisions.

We begin with this example only because it is the most obvious evidence of a broad and important point: Much of the plaintiffs' argument is untethered to the facts as they have actually alleged them.  Although the plaintiffs warn Dr. Puar will somehow be liable for the allegations in "Counts Three through Nine", they do not scruple to explain how she has now been blamed as the only individual defendant in Counts Seven and Eight, which concern only the ASA.  Nor do Plaintiffs articulate how a member of the Nominating Committee could possibly be liable for the financial decisions complained of in Counts Four, Five, and Six.[1]

Plaintiffs have likewise moved their own goalposts with respect to Dr. Kauanui.  The complaint states their National Council-related allegations against her as follows:

She failed to "ensure that the National Council fairly represented the diversity of the membership – in interests and point of view as well as other characteristics." (¶75);  placed her personal interests in the Resolution over the interests of the ASA and its members *Id*.; She voted, along with every single other member of the National Council, to submit the Resolution to a vote of the ASA's general membership (¶104); She worked with colleagues, both within and without the ASA, to support the Resolution (¶105); She worked on a National Council subcommittee to revise the text of the Resolution and its supporting documents (¶118); and upon receiving two

---

[1] We recognize that it is burdensome for this Court to have to continually parse issues unique to ten individual defendants – but it is the plaintiffs who have forced this task upon the Court through this ill-conceived and blunderbuss pleading.

emails plaintiffs do not like from the ASA's Executive Director, she forwarded them to the entire Council for consideration (¶¶ 134-136).

The failure of these allegations to measure up to *Iqbal* standards is detailed at Dkt. 109, pp. 8-13 and will not be repeated here.  What *is* noteworthy is the utter absence of any facts supporting the newly-hatched claim that Dr. Kauanui should be held liable for a "lack of candor regarding the vote on the Boycott Resolution, and numerous allegations relating to the expenditure of funds and the processes surrounding the vote".   Nothing in the actual charges plaintiffs have made against Dr. Kauanui asserts any of this.  If there are now new claims to be asserted, the proper vehicle is an amended complaint, as opposed to shadowy accusations in a brief.

**3.      THE FEDERAL VOLUNTEER PROTECTION ACT IS FAR BROADER THAN THE LIMITED PROTECTION PLAINTIFFS DEPICT.**

The VPA's immunity provisions are structured differently from the D.C. statute or the Model Code.[2]  42 U.S.C. §14503, detailing the limitations on liability for volunteers, has five subsections.  §14503(a) addresses liability protections for volunteers.  §14503(b) then clearly circumscribes these limitations, saying:

> "Concerning responsibility of volunteers to organizations and entities. Nothing in this section shall be construed to affect any civil action brought by any nonprofit organization or any governmental entity against any volunteer of such organization or entity."

Thus the very structure of this §14503 makes it clear that subsection (a) does <u>not</u> refer to instances in which volunteers may be liable for misdeeds done to the organizations.  Subsection (a) limits volunteer liability when acts are alleged to have harmed others – not **the organization**

---

[2] The Model Code, written in 2009, cannot in any event illuminate the VPA, enacted twelve years before.

itself.  This requires an exacting claim-by-claim examination to determine what Dr. Kauanui or Dr. Puar are supposedly did which proximately harmed even a single one of the plaintiffs, and of *those* acts, which of them were undertaken with "a conscious, flagrant indifference to the rights or safety *of the individual harmed* by the volunteer."[3]  (Emphasis added.)

      To evade this broad immunity plaintiffs advance several arguments.  First, they seek to unhinge the "conscious, flagrant indifference to the rights or safety of the individual harmed" from the sentence by magnifying the disjunctive quality of the word "or".  Plaintiffs argue that the "or" means that the qualifier which follows it does not apply to "willful or criminal misconduct, gross negligence, reckless misconduct".  But if "or" acts as a wall to effect an apartheid-like separation of the first phrase from the second, what are we to make of "willful *or* criminal misconduct"?  It is clear that "or" as used in this subsection means "either".  Thus, misconduct that is *either* "willful or criminal" in unprotected.  Similarly, it makes no sense to misread the "conscious, flagrant indifference" clause as not being a continuation of the same thought.

      Plaintiffs' misreading is not aided by their claim that conscious, flagrant, indifference is a species of gross negligence, and that gross negligence cannot be directed at an individual.  See *Thomas v. Principi*, 394 F.3d 970, 974 (DC Cir 2005) (dismissal of individual plaintiff's complaint alleging gross negligence reversed; *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207 (DC Cir. 1997) (allegations of gross negligence brought by a individual passenger against the WMATA held properly allowed to go to the jury; *Hernandez v. District of Columbia*, 845 F.Supp.2d 112, 115 – 116 (D.C. Dist. 2012);  (plaintiff's claims for gross

---

[3] Subsection (a)(3) requires that"the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer."

negligence by an off-duty D.C. police officer dismissed solely because District law generally does not distinguish between negligence and gross negligence unless the distinction is a specific element of a particular claim or defense); *accord*, *Hawkins v. Wash. Metro. Area Transit Auth.*, 311 F.Supp. 3d 94, 105-106 (D.C. Dist. 2018).

Plaintiffs also attack the undivided coherence of the one-sentence subsection (a)(3) by claiming that they are not required to allege facts supporting a conclusion of malice "[T]he VPA never mentions malice." Dkt. 113, p.7 This stunning claim is like saying that a reference to the President does not encompass his ability to direct the military because it does not mention "Commander-in-Chief". Under District law "an intentional, reckless, or callous disregard of the rights of the plaintiff" [is]—the core of common law malice." *Moss v. Stockard*, 580 A.2d 1011, 1027 (D.C. 1990). *Accord*, *Destefano v Children's Nat. Medical Center*, 121 A.3d 59, 66 (D.C. 2015). "[M]alice can be established from the existence of a willful, wanton, reckless, or oppressive disregard for the rights of the plaintiff." *Tyler v. Centr. Charge Serv., Inc.* 444 A.2d 965, 969 (D.C. 1982).

Finally, as Plaintiffs point out, we do not argue that their complaint does not *allege* "willful misconduct", "gross negligence", or "reckless misconduct". Our argument is less about the words plaintiffs write than what they mean. These phrases are legal conclusions, not facts. None of them have magical properties and none of them relieve plaintiffs from their obligations under *Iqbal* to plead *sufficient factual matter* to make them plausible. The absence of this factual matter means that subsection (a)(3)'s exception to liability does not apply and the defendants are therefore immune under §14503(a). This immunity is also vouchsafed by plaintiffs' failure to

plead any factual matter at all (much less *sufficient* matter) pointing to defendants' intent to harm any of the plaintiffs, as also required by (a)(3).

**4.     PLAINTIFFS' REMAINING ARGUMENTS ARE EITHER IRRELEVANT OR UNAVAILING.**

Plaintiffs add an inscrutable reference to *Harris v. United States Dept. of Veterans Affairs* 126 F.3d 339, 343 (D.C. Cir. 1997) to their argument without even troubling to explain why.  We *think* this obscure reference is in support of plaintiffs' implicit claim that VPA immunity is an affirmative defense, and that as such, it should have been raised earlier.  Factually, it is hard to imagine how much earlier it *could* have been filed, since other than counsel's application for admission *pro hac vice*, and a consent to a briefing schedule, this Motion to Dismiss and the companion motion for a protective order were the very first substantive filings.  Legally, this argument has frequently been distinguished or criticized (*Cadles Grassy Meadows II, L.L.C. v. Gervin* 300 Fed. Appx. 293, 302 (5th Cir. 2008); *Mittleman v. United States* 997 F.Supp.1, 6-7 (D.D.C. 1998) both distinguishing *and* criticizing *Harris*; and *Capital Motor Lines v. Detroit Diesel Corp.* 799 F.Supp. 2d 11, 14 (D.D.C.2011),

Plaintiffs also seek to minimize the reach of the black-letter business judgement rule. Plaintiffs cite a case for the proposition that an individual director's individual interest an a business transaction vitiates the rule – but disingenuously fail to mention that the "interest" in the case they cite was a reversionary interest in a property worth millions of dollars.  *Armenian Assembly of Am., Inc. v. Cafesjian*, 772 F. Supp. 2d 20, 103-04 (D.D.C. 2011).

Plaintiffs next lavish attention upon two irrelevancies.  One, their alleged difficulties in serving one of the defendants without any declaration from the process server, is entirely irrelevant to the motion to dismiss and is in any event inadmissible hearsay.  The other

incorrectly alleges that at the August 15, 2018 hearing, counsel for defendants Dr. Kauanui and Puar falsely represented to the Court that there was authority from federal courts in New York for his interpretation of the VPA.  Dkt. 113, p. 4, fn 2.  This is incorrect.  This was a hearing about discovery and defendants' intention to seek a protective order, and the reference to authority from S.D.N.Y. concerned our right to this protective order.  The cases, cited in our motion for a protective order are set forth at Dkt. 111, pp. 2-3.

**5.    CONCLUSION**

Plaintiffs have only reinforced our original point – their allegations rest upon duties the defendants and on conclusory allegations poorly disguised as facts, but facts bereft of "substantial factual matter" making plaintiffs' claims plausible.  Dismissal is richly merited.

Dated:  November 7, 2018				Respectfully submitted,


/s/ *Richard R. Renner*
Richard R. Renner , DC Bar #OH0021
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006
202-466-8696
877-527-0446 (fax)
Rrenner@kcnlaw.com


/s/ *Mark Allen Kleiman*
Mark Allen Kleiman (*pro hac vice*)
Law Office of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292
310-306-8094
310-306-8491 (fax)
mkleiman@quitam.org

Attorneys for Defendants
Kehaulani Kauanui and Jasbir Puar