**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIMON BRONNER, MICHAEL ROCKLAND, CHARLES D. KUPFER, and MICHAEL L. BARTON,<br><br>　　　Plaintiffs,<br><br>v.<br><br>LISA DUGGAN, CURTIS MAREZ, NEFERTI TADIAR, SUNAINA MAIRA, CHANDAN REDDY, J. KEHAULANI KAUANUI, JASBIR PUAR, STEVEN SALAITA, JOHN STEPHENS, and THE AMERICAN STUDIES ASSOCIATION,<br><br>　　　Defendants. | Case No. 1:16-cv-00740-RC |

**DEFENDANT STEVEN SALAITA'S REPLY IN**
**SUPPORT OF HIS MOTION TO STAY DISCOVERY**
**PENDING DECISION ON MOTION TO DISMISS**

Plaintiffs spent just one half of a page addressing Defendant Dr. Salaita's Motion to Stay Discovery (as well as that of Defendants Drs. Kauanui and Puar), and did not claim any prejudice to Plaintiffs or delay in the proceedings should discovery be stayed. Defendant Salaita's Motion to Dismiss is now fully briefed, so a stay will not cause undue delay in the proceedings. Plaintiffs do not refute that discovery against Dr. Salaita prior to a decision on his Motion to Dismiss for lack of personal and subject matter jurisdiction and for failure to state a claim would be wasteful, burdensome, and inefficient. Plaintiffs cite no legal authority, and do not attempt to refute the ample precedent that a stay of discovery is logical and appropriate while a dispositive motion is pending. *See* Dr. Salaita's Mem. of Law in Supp. of his Mot. to Stay Disc. Pending Decision on Mot. to Dismiss, ECF No. 110, at 1-4. A stay of discovery is especially appropriate here, where Dr. Salaita has challenged the jurisdiction of this Court and where he has moved to dismiss every claim, most of which do not apply to Dr. Salaita on the face of the Second Amended Complaint (SAC). *Id.* at 2-4.

Instead, in conspiratorial fashion, Plaintiffs attempt to paint the new Defendants with the same broad brush as the Original Defendants, claiming conclusively that they all "acted in concert," and there is "no reason" there should be a stay of discovery because the claims against the Original Defendants have already been pending.[1] Pls.' Opp'n to Defs.' Mots. to Stay, ECF No. 115, at 3. Plaintiffs' unsupported expectation that new Defendants they have added to an ongoing case should not be granted the same right as other Defendants to be protected from burdensome discovery while their (first) dispositive Motion to Dismiss is pending lacks support

---

[1] Plaintiffs similarly claim that the new Defendants "refused" to produce Initial Disclosures as a "tactic" that "rings" of the Original Defendants. Pls.' Opp'n to Defs.' Mots. to Stay, ECF No. 115, at 3. As explained at the August 15, 2018 Status Conference, two days after Initial Disclosures were due, Dr. Salaita asked Plaintiffs to stipulate to extend the time for Initial Disclosures for the new Defendants until after a decision on the Motions to Dismiss. Tr. of Status Conference, Aug. 15, 2018, Pls.' Opp'n to Defs.' Mots. to Dismiss, Ex. D, ECF No. 114, at 7:5-9. Plaintiffs declined.

in logic and the law.[2]  Dr. Salaita has shown that it would be burdensome to have to respond to discovery requests when this Court might not have personal jurisdiction over him or subject matter jurisdiction over this case.  Discovery on all claims in the SAC would also be burdensome given that most if not all of Plaintiffs' claims do not even apply to Dr. Salaita on the face of the SAC.

The balance of interests therefore weighs decisively in favor of this Court staying discovery with regard to Dr. Salaita, including his duty to make Initial Disclosures, until a decision on his Motion to Dismiss.

Dated:  November 7, 2018                    Respectfully submitted,

/s/ Maria C. LaHood
Maria C. LaHood (*pro hac vice*)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6430
Fax: (212) 614-6422
mlahood@ccrjustice.org


/s/ Shayana Kadidal
Shayana Kadidal (D.C. Bar No. 454248)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel.: (212) 614-6438
Fax: (212) 614-6422
shanek@ccrjustice.org

*Attorneys for Defendant Steven Salaita*

---

[2] Plaintiffs claim this Court instructed the new Defendants that "their motion for a stay had better show prejudice." Pls.' Opp'n to Defs.' Mots. to Stay at 3.  But what the Court said was that Defendants would "have to make some sort of showing of a burden on the individual defendants."  Tr. of Status Conference, Aug. 15, 2018, at 10:5-7.